## In re Stephen SHELNUTT, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

#### No. 98–BG–281.

District of Columbia Court of Appeals.

Submitted Oct. 6, 1998.

Decided Oct. 22, 1998.

Before SCHWELB and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The crux of this matter involves respondent's neglectful representation of a client incarcerated in the District of Columbia.[1] Respondent is charged with the following violations: Rule 1.1(b), failure to serve client with commensurate skill and care; Rule 1.3(c), failure to act with reasonable promptness in representing a client; and Rule 1.4(b), failure to explain matters to a client. The Hearing Committee found respondent to have violated these rules and the Board on Professional Responsibility recommends public censure. We adopt the Board's recommendation.

1. Bar Counsel also filed two other petitions against respondent. One petition involved matters originating in this jurisdiction (Docket No. 185–94); the other involved a reciprocal discipline proceeding (Docket No. 374–92). The Board recommends that we dismiss the former and defer action pending a revised recommendation as to the latter. We adopt those recommendations.

On July 30, 1992, respondent was appointed in the Superior Court to represent Eugene Wheeler with respect to a fugitive warrant from Maryland. Bond was set at $1,500.00, and Wheeler requested that respondent file a bond reduction motion. Subsequent to their July 30, 1992 meeting, respondent never met with Wheeler in jail nor returned numerous phone messages. On August 19, 1992, respondent filed a one-page bond review motion. On August 22, 1992, Wheeler's mother paid a bondsman $1,500.00 but was unable to obtain Wheeler's release due to a clerical error which had recorded Wheeler's bail as $2,500.00. On August 26, 1992, the bond amount was corrected and Wheeler was released. The Hearing Committee determined that, as a result of respondent's neglect, Wheeler spent an additional four days in jail. During this same period, there was also an outstanding warrant in Virginia seeking Wheeler's arrest.

A hearing in this matter was held on July 14, 1994.[2] At that hearing, Wheeler testified against respondent. When asked whether there had been an outstanding warrant for his arrest on or about August 22, 1992, Wheeler asserted his Fifth Amendment right against self-incrimination. On September 11, 1997, at a hearing before the Board, respondent asserted that it was error to allow Wheeler to assert his Fifth Amendment privilege, and in light of the lost transcript, requested that the matter be remanded to the Hearing Committee. Respondent contended that the warrant is material to his case since, arguably, it shows his client would have remained incarcerated regardless of his own action or inaction. The Board rejected respondent's request and issued its Report and Recommendation. No opposition has been filed.

■ We conclude that the violations found by the Board are supported by substantial evidence. *In re Evans*, 578 A.2d 1141, 1142 (D.C.1990); D.C. Bar R. XI, § 9(g). More specifically, the existence of a warrant for Wheeler's arrest does not ab- solve respondent of his professional obligations.[3] Professional disciplinary violations arise from malfeasance, not the actual harm imposed upon a client. *See In re Banks*, 461 A.2d 1038, 1041 (D.C.1983) (asserting that "prejudice to a client is not an element of a charge of neglect, although ... [it] may be relevant on the issue of sanction[s]"). Respondent does not now assert, nor can he, that his representation of Wheeler was diligent. Instead, he urged that collateral matters such as missing transcripts, an assertion of privilege by his client, and the existence of an outstanding warrant for his client, required a new hearing. We conclude that respondent was in violation of the referenced Professional Rules of Conduct.

■ Turning to the issue of sanctions, our rule, D.C. Bar R. XI, § 11(f)(1), essentially provides that where, as here, there is no timely opposition to the discipline recommended by the Board, then the court will follow the recommendation. Thus, our deferential standard of review becomes more deferential. *See In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995). Our case law suggests public censure is an appropriate sanction in cases involving neglect of this kind. *In re Lyles*, 680 A.2d 408, 418 (D.C.1996). When reviewing neglect by an attorney who has no history of discipline, we have held that "a period of suspension ordinarily is not imposed." *In re Sumner*, 665 A.2d 986, 990 (D.C.1995). Respondent has no disciplinary history. While his neglect was serious, when compared to other cases involving neglect, it does not appear to warrant a sanction greater than censure.

Accordingly, we adopt the recommendation of public censure in Docket No. 414–92, and respondent is hereby publicly censured. We adopt the recommendation to dismiss Docket No. 374–92. Lastly, we defer action on Docket No. 185–94.

*So ordered.*

---

**2.** Due to a transcription error, portions of the July 14, 1994 transcript have been lost.

**3.** Respondent's assertion that he was unaware of an existing warrant for his client does not enhance his defense against an allegation of neglect.