### In re Stephen Lee SHELNUTT, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 01–BG–337.

District of Columbia Court of Appeals.

Decided April 25, 2002.

Before TERRY and STEADMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

Respondent Stephen Lee Shelnutt is admitted to practice law in Virginia and the District of Columbia.[1] On February 28, 2001, the Circuit Court for the City of Alexandria suspended respondent for six months based on a stipulation of misconduct in two legal matters. Respondent's ethical violations included neglecting a legal matter, failing to keep a client reasonably informed, knowingly making a false statement, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

On April 4, 2001, we temporarily suspended respondent pursuant to D.C. Bar

---

1. We note that respondent was publicly censured by this court several years ago for neglecting a legal matter. *In re Shelnutt,* 719 A.2d 96 (D.C.1998).

R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board").[2] The Board has now filed a report concluding that respondent's actions constitute misconduct in this jurisdiction and recommending imposition of identical reciprocal discipline. The Board further recommends that the suspension be imposed *nunc pro tunc* to May 7, 2001, the date on which respondent filed the affidavit required by D.C. Bar R. XI, § 14.

Neither Bar Counsel nor respondent opposes the Board's report and recommendation, making the scope of our review quite limited. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f). The record does not reveal any of the conditions enumerated in D.C. Bar R. XI, § 11(c), that might make reciprocal discipline inappropriate. Given the presumption in favor of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Stephen Lee Shelnutt be suspended from the practice of law in the District of Columbia for the period of six months. Respondent's discipline is imposed *nunc pro tunc* to May 7, 2001, the date on which he filed the affidavit required by D.C. Bar R. XI, § 14(g).

*So ordered.*

---

**2.** Respondent has also been temporarily suspended by the United States District Court for the District of Columbia in a reciprocal matter stemming from the same Virginia discipline.