### In re Thomas B. MORRISON, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 03–BG–581.

District of Columbia Court of Appeals.

Submitted May 13, 2004.

Decided May 27, 2004.

Before: WAGNER, Chief Judge, FARRELL, Associate Judge, and NEBEKER, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Thomas B. Morrison, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and functionally identical discipline be imposed in the form of a public censure. No exceptions to the Board's Report and Recommendation have been filed.

On May 8, 2003, the Court of Appeals of Maryland reprimanded respondent for disciplinary violations based on a Joint Petition for Reprimand by Consent in which respondent acknowledged violating Maryland Rules 1.1 (failure to provide competent representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to keep client reasonably informed), and 5.1(b) (failure of a supervisory lawyer to make reasonable efforts to ensure another lawyer conforms to the Rules of Professional Conduct). *Attorney Griev. Comm. of Maryland v. Morrison,* Misc. Docket AG, No. 25, September Term 2002. On June 13, 2003, Bar Counsel filed a certified copy of the order from the Court of Appeals of Maryland. On July 2, 2003, this court issued an order directing Bar Counsel to inform the Board of her position regarding reciprocal discipline within thirty days, respondent to show cause why identical, greater, or lesser discipline should not be imposed, and the Board either to recommend discipline or proceed de novo. Bar Counsel recommended reciprocal discipline in the form of a public censure. Respondent filed a response, which did not object to reciprocal discipline.

In its report and recommendation, the Board determined that respondent's misconduct in Maryland, which resulted in a public reprimand, violated the identical District of Columbia Rules of Professional Conduct, stated that a public censure is within the range of sanctions imposed for similar misconduct,[1] and recommended im-

---

1. *See, e.g., In re Shelnutt,* 719 A.2d 96 (D.C. 1998) (holding that violations of Rules 1.1(b), 1.3(c), 1.4(b) warranted public censure). A review of case law did not find a case with the sole violation of 5.1(b). This court, however, in *In re Roxborough,* 675 A.2d 950 (D.C.1996)

posing the reciprocal discipline of public censure. This court has held that censure in the District of Columbia is the functional equivalent of a reprimand by the Maryland Court of Appeals. *See, e.g., In re Bridges,* 805 A.2d 233, 234 (D.C.2002); *In re Greenberg,* 762 A.2d 42 (D.C.2000) *(per curiam).* A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board finds no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

No exception has been taken to its report and recommendation. Therefore, the court gives heightened deference to the Board's recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them. Accordingly, it is

ORDERED that Thomas B. Morrison be, and hereby is, publicly censured.

*So ordered.*

---

imposed a thirty day suspension with a fitness requirement for a respondent who violated Rules 1.1(a), 1.3(c), 1.4(a), and 5.1(b) and had received three informal admonitions. *Rox-*borough, however, can be distinguished from this case in that neither Bar Counsel nor the Board allege that Morrison has a discipline history.