**In re Cheryl P. VURAL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals. (Bar Registration No. 417259).**

**No. 03–BG–1259.**

District of Columbia Court of Appeals.

Submitted May 17, 2005.
Decided May 26, 2005.

Before WAGNER, Chief Judge, and FARRELL and WASHINGTON, Associate Judges.

PER CURIAM:

In this reciprocal attorney discipline matter from the State of Maryland, the Board on Professional Responsibility has recommended imposition of functionally identical discipline, in the form of suspension, as described below. The recommendation is based upon a determination by the Court of Appeals of Maryland that, following the entry of a divorce judgment on behalf of respondent's client, respondent failed to pursue with diligence the client's interest in obtaining a qualified domestic relations order authorizing the transfer of a portion of the client's ex-spouse's interest in his retirement plans to

the client. The Board recommends that respondent be suspended for one year and sixty days, provided that, after the first sixty days, the remainder of the suspension may be stayed (a) if respondent desires to resume practicing law and (b) respondent notifies Bar Counsel in advance, at which point Bar Counsel may require her to identify another attorney who will monitor her practice under terms to be decided at that time.[1]

Neither respondent nor Bar Counsel has taken exception to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997). Accordingly, respondent is hereby suspended from the practice of law in the District of Columbia in the manner described above. The period of sixty days' suspension is deemed to have begun on December 15, 2003, the date on which respondent filed the affidavit required by Rule XI, § 14(g).

*So ordered.*

---

1. The Court of Appeals of Maryland had ordered similar discipline, but in a more complex fashion utilizing respondent's request to be placed on "Retired/Inactive" status following a sixty-day suspension. The Board recognized that in the District of Columbia "Inactive/Retired" status is an administrative form of membership, not an available form of discipline. *See* D.C. Bar R. XI, § 3. It therefore recommended what this court has referred to as "functionally identical discipline." *See, e.g., In re Morrison*, 851 A.2d 430 (D.C.2004) (per curiam).