*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0704

IN RE BRIAN R. GORMLEY, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 488494)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee

Approving Petition for Negotiated Discipline
(BDN: 24-ND-001; DDN: 2023-D080)

(Decided August 22, 2024)

Before BECKWITH and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Brian R. Gormley voluntarily acknowledged that he took on new clients in a quiet-title case in which they were adverse parties to an existing client of his in

a probate case, he did not seek any of the clients' informed consent, and he could not produce any records that his firm had performed a conflicts check. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.7(b) and 5.1(a). The proposed discipline consists of a public censure, completing three hours of continuing legal education ("CLE") courses in legal ethics, and undergoing a review of his firm's policies and procedures by the D.C. Bar's Practice Management Advisory Service ("PMAS"). Respondent acknowledges that he must complete the CLE and meet with a PMAS advisor within three months of this court's approval of the negotiated discipline; that he must implement any changes that the PMAS advisor recommends; and that his failure to comply with the CLE or PMAS condition may subject him to additional disciplinary charges under D.C. R. Pro. Conduct 8.4(d) for failure to abide by an agreement with the Office of Disciplinary Counsel, failure to obey a court order, or both.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), in light of reasonably analogous precedents.

*See, e.g., In re Szymkowicz*, 195 A.3d 785, 791 (D.C. 2018) (per curiam); *In re Morrison*, 851 A.2d 430, 430-31 (D.C. 2004) (per curiam). Accordingly, it is

ORDERED that respondent Brian R. Gormley is publicly censured with the following additional terms:

(1)    Within three months of the date of this opinion, respondent must complete three hours of CLE courses in legal ethics.

(2)    Within three months of the date of this opinion, respondent must meet with a PMAS advisor to review his firm's policies and procedures, including those for detecting and resolving conflicts of interest, and he must implement any changes that the PMAS advisor recommends.

Failure to comply with either of these additional terms may subject respondent to additional disciplinary charges under D.C. R. Pro. Conduct 8.4(d) for failure to abide by an agreement with the Office of Disciplinary Counsel, failure to obey a court order, or both.

*So ordered.*