**In re Frank P. RAMACCIOTTI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1161.**

District of Columbia Court of Appeals.

Submitted Sept. 12, 1996.
Decided Oct. 3, 1996.

---

Before FERREN, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM:

On April 12, 1995, the Supreme Court of Minnesota suspended respondent Frank P. Ramacciotti for an indefinite period from practice in that jurisdiction. The Board on Professional Responsibility has recommended that reciprocal discipline be imposed and that Ramacciotti be suspended from practice in the District of Columbia for one year, reinstatement to be conditioned on a showing of fitness to practice law.

The conduct on which this recommendation is based is described in the Board's Report and Recommendation, which is attached hereto as an Appendix. Neither Ramacciotti nor Bar Counsel has filed an exception to the Board's Report, and our standard of review of the Board's recommended sanction is therefore especially deferential. See, e.g., In re Goldsborough, 654 A.2d 1285, 1287–88 (D.C.1995); D.C. Bar R. XI, § 9(g). Accordingly, and substantially for the reasons stated by the Board, Frank P. Ramacciotti is

suspended from the practice of law for a period of one year, reinstatement to be conditioned upon a showing by him that he is fit to practice law in this jurisdiction. The suspension shall be effective thirty days after the date of this order. See D.C. Bar R. XI, § 14(f).

*So ordered.*[1]

APPENDIX

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of Frank P. Ramacciotti, Respondent.

Bar Docket No. 331–95.

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

On April 12, 1995, the Supreme Court of Minnesota entered an order suspending Respondent from the practice of law indefinitely, with the provision that, before being reinstated, he must demonstrate (1) psychological fitness, (2) compliance with court orders, (3) financial responsibility, (4) compliance with federal and state tax requirements, and (5) a willingness and ability to cooperate with the disciplinary system. The order also provided that, upon any reinstatement, Respondent will be placed on supervised probation for at least two years.

On August 31, 1995, D.C. Bar Counsel transmitted the certified copy of the Minnesota Court's order to the District of Columbia Court of Appeals.

On September 13, 1995, the Board's Executive Attorney sent a letter to Respondent which, among other things, informed him of the Rule XI, § 14(g) affidavit requirements.

On September 28, 1995, the District of Columbia Court of Appeals issued an interim suspension order, a copy of which was mailed to Respondent. The Court directed the

---

1. We invite Ramacciotti's attention to the re-   quirements of D.C. Bar R. XI, § 14(g).

Board to recommend whether reciprocal discipline should be imposed or whether, instead, the Board elects to proceed *de novo*. The Court also called Respondent's attention to the requirements of section 14(g).

### Underlying Facts

Respondent was charged in three counts by the Minnesota Director of Lawyers Professional Responsibility of violating multiple disciplinary rules.

The first count charged that Respondent failed to comply in several respects with terms of his probation imposed in an earlier disciplinary matter. He failed promptly to send medical authorizations to the Director's office; failed to respond promptly to a notice of an investigation of a complaint that he was willfully refusing to obey court orders in connection with the dissolution of his marriage; failed to undergo a timely psychological evaluation; and failed to receive treatment by a mental health provider approved by the Director's office.

The second count charged that Respondent failed to obey a court order to pay maintenance and child support, and to respond to discovery requests, resulting in his being held in contempt of court.

The third count charged that Respondent had failed to file state or federal income taxes for "a number of years prior to 1987."

Respondent cooperated fully with the Director's office. He admitted all of the charges, and agreed to the recommended sanction, which subsequently was imposed by the Minnesota Court.

Respondent has not responded to the interim order of the District of Columbia Court of Appeals, nor has he filed an affidavit pursuant to Rule XI, § 14(g).

### Bar Counsel's Recommendations

Bar Counsel determined that Respondent's admitted actions constituted misconduct in this jurisdiction, in that he violated at least several of the D.C. Rules of Professional Conduct, including Rule 8.4(d) (conduct prejudicial to the administration of justice), Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), and Rule 8.4(b) (criminal act that reflected on the honesty of an attorney). Bar Counsel also concluded that none of the other Rule 11, § 11(c) exceptions apply, and, accordingly, recommended the imposition of reciprocal discipline.

Specifically, Bar Counsel recommended that Respondent be suspended for at least one year, with reinstatement conditioned on proof of fitness to practice in this jurisdiction, and that he be placed on supervised probation for two years following his reinstatement.

### Discussion

Reciprocal discipline will be imposed by the District of Columbia Court of Appeals unless a respondent demonstrates by clear and convincing evidence that at least one of the following five factors that are set out in Rule XI, § 11(c) is applicable:

(1) The procedure in the other jurisdiction was so lacking in notice and opportunity to be heard as to constitute a deprivation of due process.

(2) There was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject.

(3) The imposition of the same discipline by the Court would result in grave injustice.

(4) The misconduct established warrants substantially different discipline in the District of Columbia.

(5) The misconduct in the other jurisdiction does not constitute misconduct in the District of Columbia.

The District of Columbia Court of Appeals has ruled that the provisions of Rule XI, § 11(c) create "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Respondent has made no effort to establish the applicability of any of the above factors. Nor is there anything in the record suggesting that any

one of the section 11(c) factors should be applied.

Although we believe that Respondent should be suspended for one year, we do not believe that the vague and indefinite conditions for reinstatement ordered by the Minnesota Court should be imposed by the District of Columbia Court of Appeals. Instead, Respondent's reinstatement should be conditioned on his proving fitness in the manner normally required in this jurisdiction. *See In re Roundtree,* 503 A.2d 1215 (D.C. 1985). Since we are of the view that it would be difficult, if not impossible, for a District of Columbia monitor to supervise Respondent's practice in Minnesota, we are not recommending that he be placed on probation after expiration of his suspension.

We do not believe our recommended sanction would result in "substantially different discipline" under Rule XI, § 11(c)(4). As pointed out by the District of Columbia Court of Appeals in *In re Coury,* 526 A.2d 25, 26 (D.C.1987), section 11(c)(4) will be invoked "where the foreign sanction, whatever its form, is effectively either significantly heavier or lighter that which we would impose for the same misconduct." Our recommended sanction would not be either significantly heavier or lighter than the sanction imposed in Minnesota. *See also In re Chadwick,* 585 A.2d 798 (D.C.1991); and *In re Slosberg,* 650 A.2d 1329 (D.C.1994).

### Recommendation

The Board recommends that the District of Columbia Court of Appeals enter an order suspending Respondent for a period of one year, reinstatement to be conditioned on a showing by Respondent that he is fit to practice law in this jurisdiction.

Respondent's attention once again should be called to the requirements of Rule XI, § 14(g).

BOARD ON PROFESSIONAL RESPONSIBILITY

By: <u>James C. McKay</u>
James C. McKay

Dated: March 11, 1996

All members of the Board concur in this report and recommendation.