**In re William A. WECHSLER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1455.**

District of Columbia Court of Appeals.

Submitted Sept. 3, 1998.
Decided Oct. 29, 1998.

Before TERRY and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM.

On May 30, 1997, the Superior Court, Judicial District of Hartford/New Britain, Connecticut, suspended William A. Wechsler, Esquire, from the practice of law in that jurisdiction for five years. The court further ordered that Wechsler may apply for reinstatement to be conditioned on proof of fitness to practice law.

On September 18, 1997, this court suspended Wechsler from the practice of law in the District of Columbia, and directed the Board on Professional Responsibility to submit its recommendation as to whether reciprocal discipline should be imposed in this jurisdiction. *See In re Wechsler,* No. 97–BG–1455 (D.C. Sept.18, 1997) (*Wechsler I*). On January 30, 1998, the Board issued its Report and Recommendation, which is attached hereto as an Appendix. The Board recommended that reciprocal discipline be imposed, and that Wechsler be suspended for five years with proof of fitness being required for reinstatement.[1]

Neither Bar Counsel nor Wechsler has filed an exception to the Board's recommendation, "and our standard of review of the Board's recommended sanction is therefore especially deferential." *In re Ramacciotti,* 683 A.2d 139, 140 (D.C.1996) (citing case); *see also* D.C. Bar R. XI, § 9(g). Accordingly, and substantially for the reasons stated by the Board,

1. William A. Wechsler, Esquire, is suspended from the practice of law for a period of five years, said suspension to begin with his filing of an appropriate affidavit pursuant to D.C. Bar R. XI, § 14(g); and

2. Reinstatement of William A. Wechsler, Esquire, is conditioned upon a showing by him that he is fit to practice law in the

---

1. The conduct on which the Board's recommendation is based is described in the Board's Report and Recommendation.

District of Columbia, and that he has complied with the prior order of this court in *Wechsler I.*

*So ordered.*

## APPENDIX

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of: William A. Wechsler, Respondent.

Bar Docket No. 379-97

### *REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent was suspended for five years by the State of Connecticut for violating Rules 1.3, 1.15(a) and (b) and 8.4(c). On September 18, 1997, the District of Columbia Court of Appeals entered an order suspending Respondent pursuant to D.C.App. R. XI, Section 11(d) and directed the Board on Professional Responsibility to recommend promptly whether reciprocal discipline should be imposed. Respondent has been a member of the Bar of the District of Columbia since June 20, 1983.

In Connecticut, charges were filed by the Statewide Grievance Committee alleging that Respondent had on numerous occasions engaged in misconduct involving, among other acts, improper use of client funds. Statement of Bar Counsel at 2. A hearing was held at which the Committee and Respondent filed a stipulation of facts. *See* Statement of Bar Counsel, Attachment B. Respondent stipulated that, on numerous occasions, he had failed to make prompt payments owed to clients and medical providers from entrusted funds. He also stipulated that his manipulation of client funds had caused the fund balance to fall below the amount he was required to hold on behalf of various clients. He acknowledged that he had held insufficient funds on behalf of eight clients from December 1990 through December 1991. Attachment A at 4–6. Clients and medical providers eventually received the monies owed them. *See* Statement of Bar Counsel, Attachment A at 8.

The Connecticut Court found that Respondent had engaged in a pattern of misconduct, committed multiple offenses, and had a selfish motive. The Connecticut Court imposed a five-year suspension with reinstatement conditioned on proof of fitness.

Reciprocal discipline is imposed in this jurisdiction unless it can be demonstrated by clear and convincing evidence that one of the exceptions enumerated in D.C.App. R. XI, Section 11(c) applies. *See In re Gardner,* 650 A.2d 693, 695 (D.C.1994). These exceptions are:

(1) The procedures elsewhere were of such a nature as to constitute a deprivation of due process.

(2) There was a substantial infirmity of proof establishing the misconduct.

(3) The imposition of the same discipline would result in grave injustice.

(4) The misconduct established warrants substantially different discipline in the District of Columbia.

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

There has been no showing that the case falls within any of the exceptions. The record demonstrates that Respondent was accorded due process; there was no infirmity of proof establishing the misconduct; and the imposition of reciprocal discipline would not result in grave injustice. All of the misconduct stipulated by Respondent constitutes misconduct in the District of Columbia. The sanction is not substantially different from that which would be imposed here for the same misconduct.

This jurisdiction recognizes a presumption that the same sanction imposed by the disciplining court will be imposed here on a reciprocal basis. *In re Gardner, supra; In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); *In re Velasquez,* 507 A.2d 145 (D.C.1986). Disbarment would be the only appropriate sanction if the matter were an original case. *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc). Although Respondent was suspended

for five years in Connecticut, not disbarred, as Bar Counsel notes, "[d]isbarment is the functional equivalent of a five-year suspension with proof of fitness prior to reinstatement." Statement of Bar Counsel at 4. A five-year suspension is appropriate here despite the fact that a three-year suspension is the longest suspension permitted under our Rules in an original matter. The Court is required to impose "identical discipline" to that imposed by the foreign jurisdiction. Rule XI, Section 11(f)(2); *In re Coury,* 526 A.2d 25 (D.C.1987); *In re Brickle,* 521 A.2d 271, 273 (D.C.1987). This is true even if the form of the discipline is not available here in an original jurisdiction case. *See, e.g., In re Powell,* 686 A.2d 247, 248 (D.C.1996); *In re Sheridan,* 680 A.2d 439, 440 (D.C.1996).

Therefore, the Board recommends that reciprocal discipline be imposed and that the Court suspend Respondent for five years, with proof of fitness required for reinstatement. The suspension should begin when Respondent files his affidavit under Rule XI, Section 14(g).

BOARD ON PROFESSIONAL RESPONSIBILITY

By: _____
   Kate Blackwell Zumas

Dated: January 30, 1998

All members of the Board concur in this Report except Mr. Rezneck and Ms. Taylor, who did not participate.