### In re Timothy F.X. CLEARY, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1148.**

District of Columbia Court of Appeals.

Submitted April 26, 2001.

Decided July 19, 2001.

Before RUIZ, Associate Judge, and KERN and KING, Senior Judges.

PER CURIAM:

Respondent Timothy F.X. Cleary resigned from the Bar of the Commonwealth of Massachusetts in the face of disciplinary charges that he neglected two legal matters, intentionally failed to pursue the claims of his clients in those matters, engaged in conduct involving dishonesty, improperly used his trust account as a personal and business account, and failed to cooperate with Bar Counsel. Respondent

acknowledged that the material facts underlying the charges against him would be proven if a hearing were held, and that the court would conclude that he engaged in the misconduct charged. Pursuant to the rules of the Massachusetts Supreme Judicial Court, respondent will not be eligible for reinstatement for five years.

Bar Counsel filed with this court a certified copy of the Massachusetts order accepting respondent's resignation as a disciplinary sanction. This court temporarily suspended respondent on September 14, 1999, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). As reciprocal discipline, the Board recommends a five-year suspension with a fitness requirement. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation.

Although a five-year suspension is not among the sanctions provided by D.C. Bar R. XI, § 3(a), we have previously imposed that sanction as reciprocal discipline. *See In re Wechsler,* 719 A.2d 100 (D.C.1998). In this case, the Board has determined that a five-year suspension with a fitness requirement is the functional equivalent of respondent's discipline in Massachusetts. Given the presumption in favor of identical reciprocal discipline and our limited scope of review in uncontested disciplinary cases, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995), and D.C. Bar R. XI, § 11(f), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Timothy F.X. Cleary be suspended from the practice of law in the District of Columbia for the period of five years. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law.[1] We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14. We direct respondent's attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. We leave for future resolution any questions that may arise with respect to the possibility of expedited reinstatement if respondent is summarily reinstated in Massachusetts.