In re Deloris A. BROWN, Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

Nos. 00–BG–1421, 00–BG–1595.

District of Columbia Court of Appeals.

Submitted April 9, 2002.
Decided April 18, 2002.

Before GLICKMAN, Associate Judge,
and PRYOR and FERREN, Senior
Judges.

PER CURIAM.

Respondent Deloris A. Brown was the subject of two disciplinary actions against her by the State Bar Court of California. In the first action, respondent was suspended from the practice of law for sixty days and placed on two years' probation for misappropriating client funds and other misconduct. Respondent then faced allegations in the second action that she actively represented a client during her suspension and perjuriously denied doing so in an affidavit filed with the court. The second action was terminated when the California court accepted respondent's voluntary resignation from the State Bar, without prejudice to further proceedings against her should she thereafter seek reinstatement.

As respondent is also a member of the bar of this court, the question of reciprocal discipline for these matters is now before us. Taking both California proceedings into consideration, the Board on Professional Responsibility recommends that virtually identical reciprocal discipline be imposed, and that respondent be suspended for a period of five years with the requirement that she prove fitness before being reinstated.[1] See In re Cleary, 777 A.2d 786, 787 (D.C.2001); In re Wechsler, 719 A.2d 100, (D.C.1998). The Board further recommends that respondent's five-year suspension begin to run from November 13, 2000, the date on which she filed her affidavit in compliance with D.C.App. Rule XI, § 14(g). See In re Slosberg, 650 A.2d 1329, 1331–32 (D.C.1994). Neither Bar Counsel nor respondent contests the Board's recommendation, and we adopt it. See In re Goldsborough, 654 A.2d 1285, 1288 (D.C.1995). Accordingly, it is hereby

ORDERED that Deloris A. Brown be suspended from the practice of law in the District of Columbia for the period of five years, beginning from November 13, 2000. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of her fitness to practice law.

So ordered.

1. In recommending a five-year suspension instead of disbarment, the Board notes, inter alia, that the record does not permit it to find that respondent's misappropriation of client funds was intentional or reckless. See In re Anderson, 778 A.2d 330, 337–38 (D.C.2001); In re Addams, 579 A.2d 190, 191 (D.C.1990) (en banc); cf. In re Prado, 785 A.2d 295, 296 (D.C.2001).