**In re Catherine THOMAS–PINKNEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–974.**

District of Columbia Court of Appeals.

Argued Jan. 6, 2004.

Decided Jan. 15, 2004.

Catherine Thomas–Pinkney, pro se.

Judith Hetherton, Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel, and Wallace E. Shipp, Jr., Deputy Bar Counsel, were on the brief, for the Office of Bar Counsel.

Before WAGNER, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

PER CURIAM.

Adopting the recommendation and most of the findings of an Ad Hoc Hearing Committee, the Board on Professional Responsibility has recommended that Catherine Thomas–Pinkney, a member of our Bar, be disbarred. This division is bound by the court's decision in *In re Addams,* 579 A.2d 190 (D.C.1990) (en banc), and in a number of post-Addams cases, including *In re Micheel,* 610 A.2d 231 (D.C.1992); *In re Pels,* 653 A.2d 388 (D.C.1995), *cert. denied,* 519 U.S. 812, 117 S.Ct. 58, 136 L.Ed.2d 21 (1996); and *In re Anderson,* 778 A.2d 330 (D.C.2001), and we thus adopt the recommendation of the Board.

In its comprehensive and thoughtful Report and Recommendation, the Board found, on the basis of substantially undisputed facts, that Ms. Thomas–Pinkney engaged in reckless misappropriation involving two different clients, as well as a number of other serious ethical viola-

tions.[1] The Board found that Ms. Thomas–Pinkney's misappropriations were reckless, rather than intentional or negligent, and that the facts were "not so out of the ordinary [as] to warrant a departure from the court's presumptive rule of disbarment" in reckless misappropriation cases. *Addams,* 579 A.2d at 191. Although the Board was of the opinion that "this is a close case, testing the line" between reckless and negligent misappropriation, it found, as did the Hearing Committee, that reckless misappropriation had been established.

 Ms. Thomas–Pinkney has excepted to the Board's recommendation that she be disbarred, and contends instead that "a lengthy suspension is more appropriate in this matter than disbarment." She emphasizes her lack of any prior disciplinary record, the Board's finding that she did not act dishonestly, and her very considerable service to her community, for which she was praised both by the Hearing Committee and by the Board. Ms. Thomas–Pinkney does not argue, however, nor can she, that the findings of the Hearing Committee and of the Board lack adequate support in the record, *see* D.C. Bar R. XI, § 9(g)(1), or, indeed, that her misappropriations were not reckless. *See Anderson,* 778 A.2d at 338–39 (discussing elements of recklessness). Moreover, in her brief, Ms. Thomas–Pinkney cites little or no authority supporting her claim that disbarment is inappropriate on the basis of the Board's findings, relying instead on the separate

concurring opinion of Judge Ferren in *Addams,* 579 A.2d at 200–03, and the dissenting opinion of Judge Schwelb in the same case. *Id.* at 203–10.

Obviously, a division of this court is required to follow the opinion of the court in *Addams,* rather than a concurrence or a dissent, *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971), and Ms. Thomas–Pinkney's reliance on the opinions of two of the eight judges who heard *Addams* therefore is unavailing. Accordingly, Catherine Thomas–Pinkney is hereby disbarred from the practice of law in the District of Columbia.

*So ordered.*[2]

---

1. The Board found that, in addition to the two misappropriations, Ms. Thomas–Pinkney committed ethical violations while serving as counsel to six different clients in personal injury cases. These violations included:
1. commingling funds; 2. failure to provide written agreements in cases in which she represented clients on a contingency basis; 3. failure to provide settlement or disbursement sheets; 4. failure to notify a third party of the receipt of funds in which the third party had an interest; 5. failure to promptly pay a third party[;] and 6. failure to maintain complete records of funds held for clients and third parties.

2. For purposes of Ms. Thomas–Pinkney's eligibility for reinstatement, the disbarment shall be effective upon her filing an affidavit in compliance with D.C. Bar R. XI, § 14(g).