**In re Robert E. CAPPELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 04–BG–281.

District of Columbia Court of Appeals.

Submitted July 7, 2004.
Decided July 22, 2004.

Before FARRELL, Associate Judge, and PRYOR and KING, Senior Judges.

PER CURIAM.

The Board on Professional Responsibility, having adopted the findings of a hearing committee, concluded that respondent Robert E. Cappell had intentionally misap-propriated client funds. Although this would ordinarily mean that respondent should be disbarred, the Board further accepted the hearing committee's findings that this case is appropriate for mitigation of sanction under the principles of *In re Kersey*, 520 A.2d 321 (D.C.1987). The Board therefore recommends disbarment, but that the disbarment should be stayed and respondent instead placed on proba-tion for three years subject to specific conditions. Bar counsel agrees with the Board's conclusion of misappropriation and with its recommendation. Respondent has taken no exception to either.

Respondent's misconduct occurred dur-ing his representation of two different clients between September 1998 and June 1999. He collected monies for his clients out of which he disbursed fees to himself and correct amounts to the clients; howev-er, there were outstanding medical provid-ers' bills that went unpaid for some months thereafter, and during that time the balance in respondent's trust account was below the amounts owed to the provid-ers. Respondent acknowledges having used funds in the account for personal and business expenses. The Board concluded that respondent's conduct in these matters violated Rules 1.15(a) and 1.15(b) of the District of Columbia Rules of Professional Conduct, and that except for the applica-tion of *Kersey, supra,* his acts of intention-al misappropriation would necessitate dis-barment. *See In re Addams,* 579 A.2d 190 (D.C.1990) (en banc); *In re Anderson,* 778 A.2d 330 (D.C.2001).

Nevertheless, on the basis of compre-hensive fact-finding by the hearing com-mittee, the Board determined that re-spondent was entitled to mitigation under *Kersey,* because he had suffered from ma-jor depression at the time of the miscon-

duct[1] and the misconduct would not have occurred but for his depression. *See In re Peek*, 565 A.2d 627 (D.C.1989) (applying *Kersey* and holding that chronic depression may be a mitigating factor in sanctioning an attorney for misconduct). The Board further found that respondent had candidly admitted and taken responsibility for his actions, that he was continuing to obtain treatment for his depression, which was in remission, and that he was working with a financial monitor. Accordingly, the Board is of the view that respondent should be given a probationary sanction. Specifically, it recommends disbarment, to be stayed in favor of three years of probation on the following conditions: that respondent continue to obtain regular psychiatric treatment, that his practice continue to be supervised by a financial practice monitor, that he submit quarterly reports from his treating psychiatrist regarding his compliance with treatment recommendations, that he and the financial practice monitor continue to adhere to terms outlined in previous Board orders, and that if he fails to accept medical advice regarding his mental health or violates any term of his probation or any Rule of Professional Conduct, he will be required to show cause why his probation should not be revoked and the sanction of disbarment imposed.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Although respondent's misconduct was indeed serious, the hearing committee and the Board correctly applied the standards for mitigation established by *Kersey*, and our decisions make clear that disbarment that would otherwise be required may be suspended upon a successful showing under that doctrine. *See In re Stanback*, 681 A.2d 1109 (D.C. 1996); *In re Appler*, 669 A.2d 731 (D.C. 1995); *In re Temple*, 596 A.2d 585 (D.C. 1991); *In re Miller*, 553 A.2d 201 (D.C. 1989); *Kersey, supra.* We find no basis on which to disturb the Board's conclusion that this is an appropriate case for application of the doctrine. We observe, additionally, that Bar Counsel supports the Board's report and recommendation, and that respondent has taken no exception to the conclusion of intentional misappropriation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We therefore accept the Board's findings and its recommendation of conditional probation. Accordingly, it is

ORDERED that Robert E. Cappell is disbarred from the practice of law in the District of Columbia, but that operation of the disbarment is stayed and respondent instead is placed on three years of probation subject to the conditions imposed by the Board in its report and recommendation.

*So ordered.*

---

1. The depression was caused by his significant health problems and the breakup of his marriage.