## In re Michael W. COOPET, Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

### No. 06–BG–186.

District of Columbia Court of Appeals.

Decided Aug. 3, 2006.

Before GLICKMAN and KRAMER, Associate Judges, and KING, Senior Judge.

PER CURIAM:

The respondent, Michael W. Coopet, has been a member of the Bar of this court since October 2, 1985, although he has been administratively suspended for the non-payment of dues since September 30, 2002. Respondent is also a member of the Bars of the states of California and Minnesota but was suspended by the California Supreme Court on September 9, 2005 for certain ethical violations with respect to his representation of a client. Specifically, Respondent conceded that his conduct violated California Rules of Professional Conduct 3–110(A) (failure to provide competent representation); 3–700(D)(2) (failure to return unearned fees); 4–100(B)(3) (failure to render an accounting); as well as Cal. Bus. & Prof.Code §§ 6068(a),(m) (Deering 2006) (failure to communicate, violation of other professional and business codes, and holding oneself out as entitled to practice law.)

The discipline imposed for these violations, agreed to by Respondent, was a one-year suspension from the practice of law, stayed in favor of probation for two years subject to certain conditions.[1] Respondent

---

1. Respondent was immediately suspended for a minimum of sixty days or until he repaid $5,000 plus interest of 10% per annum calculated from March 20, 2003. He was also required to take and pass the Multistate Pro-fessional Responsibility Exam during his period of actual suspension or within one year of the date the California Supreme Court approved the stipulated discipline (September 9, 2005), and he was to complete six hours of

failed to report his suspension to this court as required by D.C. Bar R. XI, § 11(b), but the Office of Bar Counsel reported it after receiving a certified copy of the California Supreme Court's order. On March 15, 2006, this court issued an order suspending Respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d), and directing the Board on Professional Responsibility ("Board"), to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.

On June 8, 2006, the Board submitted its report which recommends imposing the identical reciprocal discipline of a one-year suspension stayed in favor of probation for two years, subject to an actual suspension of sixty days or until Respondent meets the continuing legal education and restitution conditions specified by the California Supreme Court. Finally, the Board recommends that Respondent's sixty day suspension be made effective immediately, but deemed to commence for the purposes of reinstatement on the date he files an affidavit in compliance with D.C. Bar R. XI, § 14(g). Bar Counsel informs us that he takes no exception to the Board's report and recommendation, and Respondent has not filed anything regarding his position on reciprocal discipline.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, it will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* The court's deference to the Board in this case is heightened by the fact that neither Bar Counsel nor respondent has opposed the Board's report and recommendation. D.C. Bar R.

continuing legal education classes in ethics

XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As the Board's findings are supported and its recommended sanction does not constitute an inconsistent disposition, *see, e.g., In re Steinberg,* 878 A.2d 496, 498 (D.C.2005) (conditioning reinstatement on restitution and continuing legal education requirements); *In re Hallmark,* 831 A.2d 366, 376 (D.C.2003) (a 60–day to one-year suspension is within the range of sanctions for violations of the analogous D.C. rules), we accept both. Accordingly, it is

ORDERED that Michael W. Coopet is suspended from the practice of law in the District of Columbia for a period of one year, stayed in favor of probation for two years and an actual suspension of sixty days, subject to compliance with the order of restitution and the continuing legal education requirements imposed by the California Supreme Court. *See* note 1, *supra.* Moreover, though Respondent's suspension is effective immediately, it shall not begin for purposes of reinstatement until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*