**In re Thomas MOOERS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 429538).**

**No. 06–BG–551.**

District of Columbia Court of Appeals.

Submitted Nov. 1, 2006.

Decided Nov. 16, 2006.

Before FARRELL and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board") has found that respondent Thomas Mooers intentionally misappropriated client funds and engaged in dishonest conduct. The Board has further concluded that respondent should be disbarred, but that the existence of mitigating factors justifies staying disbarment and placing respondent on three years of conditional probation.

Respondent's misconduct occurred during his collection and disbursement of a client's settlement proceeds early in 2004. In brief, respondent allowed the amount in his trust account to fall below the amount owed to his client's medical providers. Respondent acknowledges having used funds in the account for personal and business expenses. The Board concluded that respondent's conduct in these matters violated Rules 1.15(a) and 8.4(c) of the District of Columbia Rules of Professional Conduct.

In considering the appropriate sanction, the Board determined that respondent was entitled to mitigation under *In re Kersey,* 520 A.2d 321 (D.C.1987), because he suffered from major depression [1] and the misconduct would not have occurred but for his depression. *In re Peek,* 565 A.2d 627 (D.C.1989) (chronic depression may be a mitigating factor in sanctioning an attorney for misconduct). To his credit, respondent candidly admitted and took full responsibility for his actions, he cooperated with Bar Counsel, and is continuing to obtain treatment for his depression, which is considerably improved, and does not presently impair his ability to practice law. Moreover, the checks presented to respondent's client's medical providers were honored and his client was not harmed and is satisfied with respondent's representation. Thus, while it recommends disbarment, the presumptive sanction for cases of intentional misappropriation, *see In re Addams,* 579 A.2d 190 (D.C.1990) (en banc), the Board further recommends this sanction

---

1. The depression was caused by a particularly acrimonious divorce and custody proceeding.

be stayed in favor of three years of probation on the conditions that respondent continue to obtain regular psychiatric treatment, that his psychiatrist file a written report with the Board and Bar Counsel every ninety days certifying that treatment continues and that respondent's depression remains under control, and that respondent authorize his psychiatrist to advise the Board and Bar Counsel if he either abandons treatment or refuses to follow the treatment prescribed by his psychiatrist. *See In re Cappell*, 866 A.2d 784, 785 (D.C.2004). "[O]ur decisions make clear that disbarment that would otherwise be required may be suspended upon a successful showing under [the *Kersey*] doctrine."

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, it will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Our deference to the Board in this case is heightened by the fact that neither Bar Counsel nor respondent have opposed the Board's report and recommendation. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We therefore accept the Board's findings and recommendation. It is, accordingly,

ORDERED that Thomas Mooers is disbarred from the practice of law in the District of Columbia. But disbarment is hereby stayed, and respondent will serve three years of probation subject to the conditions imposed by the Board in its Report and Recommendation.

*So ordered.*