In re Frank D. WINSTON, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 97469).**

**No. 06–BG–11.**

District of Columbia Court of Appeals.

Submitted Jan. 23, 2007.

Decided Feb. 15, 2007.

Before WASHINGTON, Chief Judge, and FARRELL and FISHER, Associate Judges.

PER CURIAM:

Respondent, Frank D. Winston, resigned his membership in the California Bar while disciplinary charges were pending against him in that state. The record shows that between 1996 and 2003 respondent engaged in numerous instances of misconduct, including: failing to act competently, failing to communicate promptly, failing to refund unearned fees, failing to maintain complete records of client funds, engaging in conduct involving moral turpitude, corruption or dishonesty, and wilfully disobeying or violating a court order.[1] The California Supreme Court accepted respondent's resignation on March 16, 2004, and Bar Counsel notified this court of the California discipline. We then suspended respondent on an interim basis on January 27, 2006, pursuant to D.C. Bar R. XI, § 11(d),[2] and referred the matter to the Board on Professional Responsibility ("Board") with directions that it recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or to state whether it would elect to proceed *de novo* under D.C. Bar R. XI § 11.

On July 27, 2006, the Board submitted a Report and Recommendation suggesting that we impose the "virtually identical" reciprocal discipline of a five-year suspension with the requirement that respondent prove his fitness to practice as a condition of reinstatement. The Board further proposes that the period of suspension not be deemed to commence for the purposes of reinstatement until respondent files the affidavit required by D.C. Bar R. XI, § 14(g). Bar Counsel informs us that he takes no exception to the Board's Report and Recommendation, and respondent has not filed any exceptions.

■ In cases like this where no exceptions have been filed, we accord the Board's recommendation great deference. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Further, our rules create a rebuttable presumption which favors the imposition of identical reciprocal discipline, *In re Zilberberg*, 612 A.2d 832 (D.C.1992); D.C. Bar R. XI,

---

1. All of these acts constitute misconduct in this jurisdiction. *See* D.C. Rules Prof'l Conduct §§ 1.1, 1.3(c), 1.4(a), 1.15, 1.16(d), 8.4(c)-(d), and D.C. Bar R. XI, § 19(f).

2. Respondent had already been administratively suspended since December 2, 1996, for non-payment of dues.

§ 11(f), and while identical discipline is not available in this case since our rules do not allow an attorney to resign while charges are pending, D.C. Bar R. II, § 7; *In re Webster*, 661 A.2d 144, 145 n. 2 (D.C.1995), we have nonetheless held that a five-year suspension with fitness is appropriate reciprocal discipline in such circumstances. *In re Brown*, 797 A.2d 1232 (D.C.2002); *In re Cleary*, 777 A.2d 786 (D.C.2001); *In re Wechsler*, 719 A.2d 100 (D.C.1998). For this reason, and since nothing in the record indicates that such discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), we hereby adopt the Board's Report and Recommendation. Accordingly, it is,

ORDERED that Frank D. Winston be suspended from the practice of law in the District of Columbia for the period of five years with reinstatement in this jurisdiction conditioned upon respondent providing proof of his fitness to practice law. Moreover, for the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*