In re Lenore D. VERRA, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 455438).

No. 06–BG–856.

District of Columbia Court of Appeals.

Submitted Jan. 12, 2007.

Decided Aug. 16, 2007.

Before RUIZ, REID, and KRAMER, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") has adopted the Hearing Committee's recommendation that Lenore D. Verra, a member of our bar, be disbarred, but that her disbarment be stayed, and that she be suspended for thirty days and placed on probation for three years, conditioned on ongoing psychiatric treatment and employment supervision by the Board. No exceptions to the Board's Report and Recommendations have been filed, and we adopt the Board's recommendations.

Ms. Verra represented Tarketa S. Williams in connection with an automobile accident that occurred in June of 2000. Ms. Verra was a personal friend and roommate of Ms. Williams, accepted no fee for her services, and did not provide a retainer agreement. Ms. Verra had not previously practiced personal injury law, nor has she since her representation of Ms. Williams.

In the course of this representation, Ms. Verra held funds belonging to Ms. Williams in her personal bank account, commingled with her personal funds. At two points during the representation, Ms. Verra's account was overdrawn before Ms. Williams had received her funds, and one check written to Ms. Williams from the account bounced. In addition, Ms. Verra failed to pay Ms. Williams' medical bills arising from the accident, despite having received payment from the insurance company for that specific purpose.

In the course of Bar Counsel's investigation, Ms. Verra represented that she did not currently possess her client files and records because they were stored in several locations after the events of September 11, 2001. In fact, Ms. Verra never kept any records of her representation of Ms. Williams. Additional communications involved further inaccuracies and misstatements by Ms. Verra, Ms. Verra's former counsel, and Ms. Williams. Finally, Ms. Verra neglected to bring to Bar Counsel's attention the fact that she still owed money to Ms. Williams' medical provider.

Ms. Verra presented evidence to the Hearing Committee on July 29, 2005, that her actions were the result of two major psychiatric conditions, major depressive episode and dysthymia, as well as anxiety. Ms. Verra began treatment for depression in 1998, but ceased psychotherapy in 2000. Dr. Nuha Abudabbeh, clinical and forensic psychologist, testified as an expert witness. She opined, within a reasonable degree of medical certainty, that Ms. Verra would not have committed the violations connected to her representation of Ms. Williams had she not suffered from depression and dysthymia. Dr. Abudabbeh testified that Ms. Verra's disorders are presently in remission, though she was unable to pinpoint when the remission began, and was thus unable to be certain whether her disorders were also responsible for Ms. Verra's misrepresentations during the course of the investigation.

■ The Board found by clear and convincing evidence that in the course of her representation of Ms. Williams, Ms. Verra failed to communicate the basis or rate of her fee in writing to Ms. Williams in violation of District of Columbia Rule of Professional Conduct 1.5(b);[1] that she commingled Ms. Williams' funds with her own, and recklessly misappropriated these funds, in violation of Rule 1.15(a); that she failed to deliver funds due to Ms. Williams and her medical provider in violation of Rule 1.15(b); that she commingled settlement funds with her own personal funds in violation of Rule 1.15(a); and that she failed to keep records of her handling of Ms. Williams' funds in violation of Rule 1.15(a) and District of Columbia Bar Rule XI, § 19(f).

The Board also found by clear and convincing evidence that in the course of her cooperation with Bar Counsel's investigation, Ms. Verra knowingly misrepresented the location and existence of the records pertaining to her work for Ms. Williams in violation of District of Columbia Rule of Professional Conduct 8.1(a); that she induced Ms. Williams to make knowing misrepresentations in an affidavit in violation of Rule 8.4(a); and that her initial responses to Bar Counsel's inquiries were "careless with the truth" in violation of Rule 8.4(c). The Board also found that although Ms. Verra clearly failed to inform Bar Counsel of the outstanding debt to Ms. Williams' medical provider, the evidence was not clear and convincing that

---

**1.** While Ms. Verra did not take a fee for her work for Ms. Williams, she concedes that she did not have any written agreement regarding fees with her client.

this failure was a knowing one, and therefore did not violate Rule 8.1(a) or (b).

■ The Board concluded that Ms. Verra's psychiatric conditions satisfied the mitigation of sanction requirements of *In re Kersey*, 520 A.2d 321 (D.C.1987). *Kersey* mitigation requires Ms. Verra to show: "(1) by clear and convincing evidence that [she] had a disability; (2) by a preponderance of the evidence that the disability substantially affected [her] misconduct; and (3) by clear and convincing evidence that [she] has been substantially rehabilitated." *In re Lopes*, 770 A.2d 561, 567 (D.C.2001). Depression has been held to be a disability which warrants mitigation. *E.g., id.* at 568. The Board found that Dr. Abudabbeh's testimony satisfied the first and third prongs of *Kersey* mitigation. However, the Board also found that while Ms. Verra had demonstrated a causal relationship between her disorders and her misconduct arising from her representation of Ms. Williams, she had not shown it to affect her misconduct in cooperating with Bar Counsel's investigation, even under the lesser preponderance of evidence standard of that prong.

■ Reckless misappropriation warrants disbarment. *E.g., In re Thomas–Pinkney*, 840 A.2d 700, 701 (D.C.2004). The Board concluded that because Ms. Verra suffered a disability at the time of her misappropriation, her disbarment should be stayed, and she should be placed on probation for a period of three years subject to conditions. Furthermore, as a sanction for her misconduct related to Bar Counsel's investigation, the Board recommended a thirty-day suspension. "This court will accept the Board's findings as long as they are supported by substantial evidence in the record." *In re Ayeni*, 822 A.2d 420, 421 (D.C.2003) (citing D.C. Bar R. XI, § 9(g)(1)). We accord the Board even more deference when, as here, no exceptions to the Board's recommendations are filed with this court. *See, e.g., In re Goldsborough*, 654 A.2d 1285, 1288 (D.C. 1995). We therefore adopt the Board's recommendations, and it is hereby

ORDERED, that Lenore D. Verra is disbarred, that her disbarment is suspended, that she be suspended from the practice of law in the District of Columbia for a period of thirty days, effective immediately, and that following her suspension, she shall be placed on probation for a period of three years, with the following conditions:

(1) Ms. Verra will be under the care of a psychiatrist and will attend psychotherapy sessions with a mental health professional weekly, or as directed by the psychiatrist and/or mental health professional. She shall submit monthly reports from the psychiatrist or mental health professional regarding compliance with her treatment to the Board, with a copy to Bar Counsel.

(2) Ms. Verra shall notify the Board and Bar Counsel upon any change in employment at least 30 days before the effective date of such change.

(3) Ms. Verra shall notify the Board and Bar Counsel in writing if she intends to handle entrusted funds, and no later than 30 days before the expected receipt of such funds, so that the Board may consider the imposition of appropriate safeguards.

*So ordered.*