**In re Mark Steven WEISS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 376283).**

**No. 06–BG–122.**

District of Columbia Court of Appeals.

Submitted Nov. 7, 2007.

Decided Nov. 15, 2007.

Before PRYOR, KERN and NEBEKER, Senior Judges.

PER CURIAM:

Respondent, Mark Steven Weiss, a member of the bar of this court and the Commonwealth of Virginia, was suspended by the Circuit Court for Prince William County on September 29, 2005. The Virginia court found that respondent violated Virginia ethical rules DR 6–101 (competence); DR 7–101 (zealousness); Rule 1.1 (competence); Rule 1.2 (failure to abide by the objectives of the client); Rule 1.3 (diligence); Rule 1.4 (failure to communicate); Rule 1.15 (safekeeping of property); Rule 1.16 (failure to withdraw); Rule 3.1 (bringing frivolous claims); Rule 3.3 (candor towards a tribunal); Rule 3.4 (fairness to opposing party/counsel); Rule 4.1 (truthfulness to third parties); Rule 8.1 (false statement on bar admission); and Rule 8.4 (dishonesty). These findings were based upon an agreed disposition stemming from respondent's mishandling of a malpractice action on behalf of his client. The Virginia court imposed a five-year suspension on January 23, 2006, with the following conditions: (1) respondent take and pass the written portion of the Virginia State Bar examination in or after January 2010; (2) respondent's license would be revoked if he submitted an application for reinstatement without first taking and passing the written portion of the Virginia State Bar examination; and (3) respondent must comply with the Rules of the Supreme Court of Virginia, Part Six, § IV, ¶ 13.M.

The Office of Bar Counsel filed a certified copy of the Virginia suspension order with this court, and we issued an order on February 23, 2006, suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d). Additionally, the court directed the Board to recommend whether identical, greater, or lesser discipline

should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. The Board on Professional Responsibility ("Board") recommends imposing identical discipline of a five-year suspension coupled with proof of compliance with the Virginia court's conditions for reinstatement. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, nor has respondent filed any exceptions to the Board's report and recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. Bar R. XI, § 11(f), the lack of any evidence in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), and our heightened deference to the Board when its recommendation is unopposed, *see id.* at § 11(f); *In re Wechsler,* 719 A.2d 100 (D.C.1998), we adopt the Board's recommendation.[1] Accordingly, it is

ORDERED that Mark Steven Weiss be suspended from the practice of law in the District of Columbia for the period of five years, *nunc pro tunc* from February 23, 2006, with reinstatement in this jurisdiction conditioned upon respondent providing proof of his compliance with the requirements imposed under the Virginia court's disciplinary order.

*So ordered.*

---

1. We will adopt the recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for compara- ble conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1).