In the Matter of Michael W. COOPET, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 392884).

No. 07–BG–282.

District of Columbia Court of Appeals.

Submitted April 22, 2008.

Decided May 1, 2008.

Before WASHINGTON, Chief Judge, and REID and THOMPSON, Associate Judges.

PER CURIAM:

On December 12, 2006, the Supreme Court of California suspended the respondent, Michael W. Coopet, from the practice of law for two years, stayed in favor of probation for three years, with a nine-month actual suspension.[1] The Board on Professional Responsibility for the District of Columbia ("the Board") recommends imposing the identical reciprocal discipline. We accept the Board's recommendation.

Mr. Coopet has been a member of the bar of this court since October 2, 1985, and is also a member of the State of California Bar and the State of Minnesota Bar. On September 9, 2005, the Supreme Court of

---

1. The Court further ordered that Mr. Coopet "comply with rule 955 of the California Rules of Court" and that "he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, [of] the effective date of the court's order." Costs were awarded to the State bar, one-third of which were to be paid with Mr. Coopet's membership fees for the ensuing three billing cycles. The Court also ordered that the remaining balance of the costs would be due and enforceable if Mr. Coopet "fails to pay any installment within the time provided ... or as may be modified by the State Bar Court [of California]."

California ordered Mr. Coopet to pay restitution to a former client and imposed an actual suspension of sixty days.[2] Upon failing to pay restitution, Mr. Coopet's suspension was extended, which, in turn, triggered a requirement that he file an affidavit showing his compliance with the Court's order pursuant to rule 955 of the California Rules of Court.[3] Mr. Coopet failed to satisfy this requirement. On August 15, 2006, stipulations were filed with the State Bar Court Clerk's office in which Mr. Coopet conceded violating California Business and Profession Code §§ 6068(k) (failure to comply with all conditions attached to a disciplinary probation) and 6103 (wilful disobedience or violation of a court order). Several months later, on December 12, the Court suspended Mr. Coopet. Office of Bar Counsel for the District of Columbia informed this court of Mr. Coopet's suspension on April 12, 2007.[4] On May 14, 2007, this court issued an order suspending Mr. Coopet on an interim basis pursuant to D.C. Bar R. XI, § 11(d), and directing the Board of Professional Responsibility to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.

On October 2, 2007, the Board submitted its report, which recommends imposing the identical reciprocal discipline of a two-year suspension, stayed in favor of an actual nine-month suspension and a three-year probation under the terms imposed by the California Supreme Court. The Board also recommends that the period of suspension run consecutively to the sixty-day period of actual suspension in *Coopet I*, to correspond to the California discipline. Finally, the Board recommends that, for purposes of reinstatement, Mr. Coopet's suspension should begin on the date he files his § 14(g) affidavit required under D.C. Bar Rule XI. Neither Mr. Coopet nor Bar counsel filed exceptions to the Board's report.

"This court will accept the Board's findings as long as they are supported by substantial evidence." *Coopet I,* 904 A.2d at 360; D.C. Bar R. XI, § 9(g)(1). "Moreover, [the court] will impose the sanction recommended by the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* "Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f), the lack of any evidence in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), and our heightened deference to the Board when its recommendation is unopposed, *see id.* at § 11(f); *In re Wechsler,* 719 A.2d 100 (D.C.1998), we adopt the Board's recommendation." *In re Weiss,* 940 A.2d 104 (D.C.2007). Accordingly, we impose reciprocal discipline, and it is

ORDERED that Michael W. Coopet be suspended from the practice of law in the District of Columbia for the period of two years, stayed in favor of a nine-month suspension followed by three years' probation subject to terms imposed in California. In addition, though Mr. Coopet's suspension is effective immediately, it shall

---

2. We imposed identical reciprocal discipline in *In re Coopet,* 904 A.2d 359 (D.C.2006) (per curiam) ("*Coopet I*").

3. Rule 955 has been re-codified at rule 9.20.

4. Bar counsel mailed notice of this reciprocal discipline case to Mr. Coopet's address of record with the Bar of this court and with the California Bar. The notice sent to the address of record with the Bar of this court was "returned to sender." The record does not show whether the correspondence sent to the address on file with the California Bar was also returned.

not begin for purposes of reinstatement until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*