*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-1503

IN RE WILLIAM N. ROGERS, RESPONDENT.

A Suspended Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 73221)

On Report and Recommendation of the
Board on Professional Responsibility
(BDN-274-03)

(Submitted October 31, 2014                    Decided    April 2, 2015)

Before BLACKBURNE-RIGSBY and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: Having found by clear and convincing evidence that respondent, William N. Rogers, violated District of Columbia Rules of Professional Conduct 4.2 (a) (contact with a represented party) and 8.4 (c) (dishonesty), the Board on Professional Responsibility ("Board") recommended that respondent be suspended for a period of ninety days, and be required to prove his fitness to practice law as a condition of reinstatement. The Board found that respondent surreptitiously and repeatedly met with another person, known to be represented by another lawyer in the matter, without that other lawyer's consent.

The Board also found that "[r]espondent's dishonesty was manifest, because he deliberately and systematically took advantage of a vulnerable, [eighty-nine]-year old blind woman, whose condition he himself assessed as 'feeble-minded in the extreme.'"

"In a disciplinary case, this court accepts the Board's findings of fact unless they are unsupported by substantial evidence of record." *In re Samad*, 51 A.3d 486, 495 (D.C. 2012) (internal quotation marks and citations omitted); *see also* D.C. Bar R. XI, § 9 (h)(1). This court reviews the Board's legal conclusions *de novo*. *In re Samad, supra*, 51 A.3d at 495. The Board, in turn, is required to accept the factual findings of the hearing committee that are supported by substantial evidence in the record, viewed in its entirety. *Id.* However, the Board owes no deference to the hearing committee's determination of ultimate facts. *Id.* Neither respondent nor Bar Counsel filed an exception to the Board's recommendation in this matter, therefore our standard of review is "heightened deference to the [Board's recommendation]." *In re Coopet*, 947 A.2d 1125, 1126 (D.C. 2008); *In re Winston*, 917 A.2d 629, 630 (D.C. 2007); *In re Wechsler*, 719 A.2d 100, 100 (D.C. 1998) ("[Where] [n]either Bar Counsel nor [respondent] has filed an exception to the Board's recommendation, [our] standard of review of the Board's recommended sanction is[] especially deferential."). Here, the Board's

findings were well-supported by the evidence provided and the Board relied on precedent in selecting the ninety-day suspension. *See* D.C. Bar R. XI, § 9 (h)(1). The Board engaged in the proper forward-looking analysis in imposing a fitness requirement. *See In re Cater*, 887 A.2d 1, 22 (D.C. 2005). Accordingly, it is

ORDERED that William N. Rogers be suspended from the District of Columbia Bar for a period of ninety days.[1] For purposes of reinstatement, the period of respondent's suspension shall run from the date on which he filed the affidavit required by District of Columbia Bar Rule XI, § 14 (g). Respondent must demonstrate fitness to practice law prior to reinstatement. We direct respondent's attention to the responsibilities of suspended attorneys set forth in District of Columbia Bar Rule XI, §§ 14 and 16.

*So ordered.*

---

[1] This court suspended respondent from practicing law on March 25, 2014, after respondent failed to show cause why he should not be suspended pending final action on the Board's report. *In re William N. Rogers*, No. 13-BG-1503, Order at 1 (D.C. Mar. 25, 2014).