*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-BG-849

IN RE ANDREA MERRITT-BAGWELL, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 434943)

On Report and Recommendation of the
Board on Professional Responsibility
(BDN-186-11)

(Submitted March 5, 2015                    Decided May 14, 2015)

Before BLACKBURNE-RIGSBY and BECKWITH, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: Having found by clear and convincing evidence that respondent, Andrea Merritt-Bagwell, violated District of Columbia Rules of Professional Conduct 1.1 (b) (failure to act with skill and care); l.15 (a) (intentional or reckless misappropriation); 1.3 (a) (failure to act zealously and diligently); 1.3 (b)(2) (intentionally damaging or prejudicing a client); 1.3 (c) (failure to act promptly); 8.4 (c) (dishonesty); and 8.4 (d) (serious interference with administration of justice), the Board on Professional Responsibility ("Board") recommended that the respondent be disbarred, that execution of the disbarment be

stayed due to the existence of mitigating factors, and that respondent be instead placed on three years of monitored probation subject to specific terms and conditions, see *infra* at 3. Additionally, the Board recommended that should respondent violate the terms of her probation or commit any additional violation of the Rules of Professional Conduct, she will be subject to revocation of her probation and face disbarment. The Board found that the above violations resulted from respondent's appointment as guardian for the estate of a minor where she mishandled assets of the estate by paying herself legal fees without prior approval from the probate court and failed to make mandatory timely reports to the probate court.

In considering the appropriate sanction, the Board determined that respondent was entitled to mitigation under *In re Kersey*, 520 A.2d 321 (D.C. 1987), because she suffered from dysthymia[1] and this misconduct would not have occurred but for her dysthymia. *See, e.g.*, *In re Katz*, 801 A.2d 982 (D.C. 2002) (establishing that respondent's depression and dysthymia were mitigating factors); *In re Verra*, 932 A.2d 503, 505 (D.C. 2007). To her credit, respondent admitted that she committed all of the violations, including intentional or reckless

---

[1] The dysthymia was caused by a range of serious health and other problems suffered by respondent and her immediate family.

misappropriation, she has shown remorse for her misconduct, and she has been substantially rehabilitated as a result of psychotherapy treatment. Thus, while it recommends disbarment, the presumptive sanction for cases of intentional misappropriation, *see In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc), the Board further recommends that disbarment be stayed in favor of three years of probation on the terms and conditions that:

a. Respondent shall continue to undergo therapy with a licensed psychotherapist, psychiatrist, psychologist, or other mental health professional for the full three years of probation, unless discharged earlier by that professional, which discharge shall be confirmed in a writing from the psychotherapist, psychiatrist, psychologist or other mental health professional to the Board and Bar Counsel;

b. Respondent shall submit quarterly reports to the Board and Bar Counsel from the psychotherapist, psychiatrist, psychologist or other mental health professional, the scope of which shall be limited to Respondent's substantial compliance with her treatment plan;

c. Respondent shall execute an authorization form waiving any physician-patient or similar privilege to the extent necessary to permit the psychotherapist, psychiatrist, psychologist, or other mental health professional to release information to the Board and/or Bar Counsel and/or testify at a hearing regarding Respondent's disability and compliance with the terms of probation and fitness to practice law, as provided under Board Rule 18.l;

d. Respondent shall notify the Board and Bar Counsel of any change in her current employment status as promptly as feasible; and

e. Respondent shall notify the Board and Bar Counsel at least 30 days before resuming the practice of law, for the purpose of arranging an appropriate practice monitor.[2]

Should respondent violate the terms of her probation or commit any additional violation of the Rules of Professional Conduct, she will be subject to revocation of her probation and face disbarment. *See In re Mooers*, 910 A.2d 1046, 1046-47 (D.C. 2006). "Our decisions make clear that disbarment that would otherwise be required may be suspended upon a successful showing under the *Kersey* doctrine." *Id.* at 1047 (internal quotation marks and brackets omitted).

"In a disciplinary case, this court accepts the Board's findings of fact unless they are unsupported by substantial evidence of record." *In re Samad*, 51 A.3d 486, 495 (D.C. 2012) (internal quotation marks and citations omitted); *see also* D.C. Bar R. XI, § 9 (h)(1). Moreover, it will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* This court reviews the Board's legal conclusions *de novo*. *In re Samad, supra*, 51 A.3d at 495 (internal quotation marks omitted). The Board, in turn, is required to accept the factual findings of the hearing committee that are supported by

---

[2] The Hearing Committee report states that respondent moved to California in August 2013 and was employed in a non-lawyer position with the University of California-San Francisco.

substantial evidence in the record, viewed in its entirety. *Id.* However, the Board owes no deference to the hearing committee's determination of ultimate facts. *Id.* Neither respondent nor Bar Counsel filed an exception to the Board's recommendation in this matter, therefore our standard of review is "heightened deference to the [Board's recommendation]." *In re Coopet*, 947 A.2d 1125, 1126 (D.C. 2008); *In re Winston*, 917 A.2d 629, 630 (D.C. 2007); *In re Wechsler*, 719 A.2d 100, 100 (D.C. 1998) ("[Where] [n]either Bar Counsel nor [respondent] has filed an exception to the Board's recommendation, [our] standard of review of the Board's recommended sanction is[] especially deferential."). Here, the Board's findings were supported by the evidence provided and the Board relied on precedent in selecting the appropriate sanction. *See* D.C. Bar R. XI, § 9 (h)(1). We therefore accept the Board's findings and recommendation. *See In re Mooers, supra*, 910 A.2d at 1046-47. Accordingly, it is

ORDERED that Andrea Merritt-Bagwell is disbarred from the practice of law in the District of Columbia, that operation of the disbarment is hereby stayed, and that respondent instead will serve three years of monitored probation subject to the terms and conditions imposed by the Board in its Report and Recommendation.

*So ordered*.