*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 23-BG-0454

IN RE DENISE A. DANIELS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia
(Bar Registration No. 399285)

On Report and Recommendation
of the Board on Professional Responsibility

(Disciplinary Docket No. 2021-D075)
(Board Docket No. 22-BD-014)

(Decided August 10, 2023)

Before: BECKWITH and ALIKHAN, *Associate Judges*, and WASHINGTON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Denise A. Daniels be suspended from the practice of law for 30 days with reinstatement conditioned upon a showing of fitness. The Board found that respondent had communicated directly with a person known to be represented by counsel in two separate cases, violating D.C. R. Prof. Conduct 4.2(a) (two counts). During the course of the investigation into the charges, respondent failed to respond to Disciplinary Counsel's instructions despite a Board order directing her to do so;

therefore, the Board also found that she violated Rule 8.1(b) (knowing failure to respond to Disciplinary Counsel), Rule 8.4(d) (serious interference with the administration of justice), and D.C. Bar R. XI, § 2(b)(3) (failure to comply with a Board order). Respondent has not filed any exceptions to the Board's Report and Recommendation, nor has she filed the required D.C. Bar R. XI, § 14(g) affidavit after the court imposed an interim suspension on July 17, 2023.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed and because we agree that the Board's recommended sanction is reasonable and appropriate for the violations presented here,[1] we accept the recommendation that

---

[1] *See In re Cooper*, 936 A.2d 832, 833, 835 (D.C. 2007) (per curiam) (imposing a 30-day suspension with a fitness requirement for violations of D.C. R. Prof. Conduct 8.1(b) and 8.4(d) and D.C. Bar R. XI, § 2(b)(3)); *In re Rogers*, 112 A.3d 923, 924 (D.C. 2015) (per curiam) (imposing a 90-day suspension with a fitness requirement for violations of Rule 4.2(a) and other rules); *In re Roxborough*, 692 A.2d 1379, 1379 (D.C. 1997) (per curiam) (imposing a 60-day suspension with a fitness requirement for violations of Rule 4.2(a) and other rules).

respondent be suspended for 30 days with reinstatement conditioned upon a showing of fitness.

Accordingly, it is

ORDERED that respondent Denise A. Daniels is hereby suspended from the practice of law in the District of Columbia for 30 days, with reinstatement conditioned upon a showing of fitness. Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g)—which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16— and Board Prof. Resp. R. 9.

*So ordered.*