**In re Claude W. ROXBOROUGH, Respondent.**

**No. 95–BG–1710.**

District of Columbia Court of Appeals.

Argued April 18, 1996.

Decided May 6, 1996.

---

Leonard H. Becker, Bar Counsel, Washington, DC, for petitioner.

Elizabeth J. Branda, Washington, DC, for the Board on Professional Responsibility.

Karl W. Carter, Washington, DC, for respondent.

Before TERRY, STEADMAN and SCHWELB, Associate Judges.

**PER CURIAM:**

Before us is a most unusual, if not unique, situation. The Board on Professional Responsibility ("Board") has recommended that respondent be suspended for thirty days as a consequence of his violation of four disciplinary rules.[1] Subsequent to the submission of the Board's Report and Recommendation to us, to which no exceptions had been taken, Bar Counsel and Respondent filed a joint motion with the court, asking that the recommended sanction be *increased* by the imposition of a requirement of a showing of fitness before reinstatement. *See* D.C.Bar R. XI, §§ 3(a)(2), 16(d). The joint motion was, it seems, motivated by other proceedings involving Respondent, but we perceive no need for the court to take any position with respect to any aspect thereof in connection with the instant proceeding.[2]

The Board has filed a statement in opposition to the joint motion. However, subsequent to the filing of that statement, Respondent has submitted a further filing with the court in which, *inter alia*, he acknowledges that he "recognizes that he can not handle his obligation to continue to practice," and to which is annexed a medical report of which the Board was apparently unaware. Furthermore, in response to the Board's statement, Bar Counsel has filed with the court a fuller exposition of his position and intent, which was still further amplified by Bar Counsel's personal appearance at oral argument before the court.[3]

The proceeding immediately before us arose out of the retention of Respondent in 1991 to file for a review in Maryland of a custody and child support order and Respondent's subsequent serious disregard of his obligations to his client with respect thereto.[4]

---

1. See note 4 *infra*. The Board also recommended a condition of restitution. We were advised at oral argument, without contradiction, that such restitution has already been made, and we therefore do not consider it as having further relevance.

2. Bar Counsel's reply to the Board's statement sets forth that "the joint motion does not propose that the Court dispose of any other proceedings involving the Respondent, nor does the motion rest upon any agreement between the parties concerning those cases."

3. *Inter alia*, Bar Counsel explained the normal practice of the disciplinary system with respect to pending matters after an attorney is suspended with a requirement of fitness imposed, and asserted that Bar Counsel could take no action in this case with respect to any pending matters except with the concurrence of the Board or a member thereof.

4. Respondent does not now contest the findings that he violated Rule 1.3(c) (failure to act with reasonable promptness), Rule 1.4(a) (failure to keep client reasonably informed), Rule 5.1(b) (failure to supervise associate), and Rule 1.1(a) (failure to provide competent representation).

Furthermore, Respondent had three instances of prior discipline: informal admonitions for agreeing to a contingent fee agreement in a criminal matter, for an excessive fee and conduct prejudicial to the administration of justice, and for neglect of a legal matter.[5]

■ In the circumstances, and recognizing that "the primary purpose of the disciplinary system is protection of the interest of the public," *In re Fowler,* 642 A.2d 1327, 1330 (D.C.1994), we feel impelled to act upon the joint motion before us. Even considered alone, Respondent's violations directly before us are serious ones. Indeed, they were characterized by the Board in its Report and Recommendation as involving "a total disregard of the interests of a client, a failure to provide even the most minimal representation or to take the most basic steps to protect the client, an extreme case of what the Hearing Committee rather charitably concluded was 'neglect and inattention' rather than intentional failure to seek the lawful objectives of a client." We have in the past imposed a requirement of fitness along with a thirty-day suspension. *In re Lockie,* 649 A.2d 546 (D.C.1994) (serious interference with the administration of justice; failure and refusal to respond to order of Board); *In re Smith,* 649 A.2d 299 (D.C.1994) (same, plus failure to promptly return client's property). Furthermore, in *In re Steele,* 630 A.2d 196 (D.C. 1993), we imposed a requirement of showing of fitness in addition to the sixty-day suspension recommended by the Board, where communications from the respondent had raised a question in our minds whether she was "sufficiently stable to practice law." 630 A.2d at 201. Respondent's own assertion in his latest submission to us seems enough in the circumstances to support the imposition of the additional requirement here. *Cf. In re O'Brien,* 665 A.2d 662 (D.C.1995).

■ Under the extant disciplinary system, the Board occupies a central position in the formulation of recommendations to the court with respect to disciplinary matters, including the imposition of sanctions. *See, e.g.,*

D.C.Bar R. XI, §§ 4(e)(7), 9(g)(1). The Board quite rightly expresses grave concern over the failure of Bar Counsel to involve the Board in the proposed change in the sanction to be imposed in the proceeding before us. He should have done so, and under other circumstances we might have remanded the matter to the Board.

However, as already noted, we have here a special situation. The Board at oral argument adhered to its view that the matter should not be remanded, even in the face of the additional information mentioned above. It is represented to us in the joint motion that we should act promptly to impose the suspension, including the requirement of fitness. For the reasons stated, we think we can appropriately do so in the instant proceeding standing alone, quite apart from the other matters involving Respondent and Bar Counsel, the uncertainty of which causes the Board concern. In sum, we conclude that the public interest will be best served by an immediate imposition of sanction without further delay. Accordingly, it is

ORDERED that respondent, Claude W. Roxborough, is forthwith suspended from the practice of law in the District of Columbia for a period of thirty (30) days, and that, as a condition of reinstatement, respondent shall be required to prove fitness in accordance with D.C.Bar R. XI, § 16(d). Respondent's attention is called to the provisions of § 14 with respect to suspended attorneys and to the effect of noncompliance with such provisions on eligibility for reinstatement set forth in § 16(c).

---

5. Also, although the Board did not rely on them in formulating its recommendation, Respondent is the subject of six other public disciplinary proceedings before hearing committees; in four of these, Respondent has filed answers admitting to the charges, with a claim of mitigating circumstances.