**In re Claude ROXBOROUGH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–1003.**

District of Columbia Court of Appeals.

Submitted Jan. 22, 1997.

Decided May 8, 1997.

Before FERREN and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

## ORDER

PER CURIAM.

On consideration of the Report and Recommendation of the Board on Professional Responsibility dated July 23, 1996, stating that respondent, in the course of representing clients in two unrelated cases, violated the following District of Columbia Rules of Professional Conduct: Rule 4.2(a) (unauthorized communication with an adverse party represented by counsel), Rule 1.7(a) (representing clients with adverse positions creating an actual conflict of interest), Rule 1.6(a)(2) (misuse of client confidences), Rule 5.3(a) and (c) (failure to reasonably manage assistant and failure to mitigate) and Rule 1.16(a)(3) (failure to withdraw from representation after being discharged), *see* D.C. Bar R. X, Appendix A (1997); and on further consideration of Bar Counsel's lack of objection and respondent's lack of exception, it is

ORDERED that respondent is hereby suspended from the practice of law in the District of Columbia for a period of 60 days, *nunc pro tunc*, to the date of completion of the 30–day suspension in *In re Roxborough*, 675 A.2d 950 (D.C.1996), to run consecutively to that 30–day period, with a requirement that he show fitness for reinstatement and completion of a course on the Rules of Professional Responsibility as an additional condition of his reinstatement.

The Clerk shall cause a copy of this order to be transmitted to the Chair of the Board on Professional Responsibility and to respondent, thereby giving him notice of the provisions of D.C. Bar R. XI, §§ 14 and 16, which set forth certain rights and responsibilities of suspended attorneys.