In re Jeffrey C. HINES, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 233239).

Nos. 01–BG–1558, 04–BG–166.

District of Columbia Court of Appeals.

Submitted Dec. 15, 2003.

Decided Feb. 3, 2005.

Before WASHINGTON, Associate Judge, and KING and STEADMAN,[1] Senior Judges.

PER CURIAM:

On November 16, 2001, the Maryland Court of Appeals indefinitely suspended the respondent, Jeffrey C. Hines, from the practice of law with the right to apply for readmission after six months. That suspension was imposed after an evidentiary hearing where Mr. Hines was found to have violated Maryland Rules of Professional Conduct 1.7 (conflict of interest) and 5.1(c) (supervisory attorney's responsibilities).[2]

On January 14, 2002, this court temporarily suspended Mr. Hines pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board") for its recommendation on whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. On June 26, 2003, the Board recommended that Mr. Hines be suspended for six months, *nunc pro tunc* to November 16, 2001, the effective date of his suspension in Maryland, on condition that he file with the court, within 30 days of the date of the Board's report, notarized *"Goldberg"*[3] and D.C. Bar R. XI, § 14(g) affidavits, and that reinstate-

---

1. Judge Steadman was an Associate Judge of the court at the time of submission. His status changed to Senior Judge on October 18, 2004.

2. *See Attorney Grievance Comm'n v. Hines,* 366 Md. 277, 783 A.2d 656 (Md.2001). We have since been informed that Mr. Hines has also been suspended, temporarily and indefinitely, by the United States District Courts for Maryland and the District of Columbia, respectively.

3. *See In re Goldberg,* 460 A.2d 982 (D.C.1983). Mr. Hines had promptly self-reported his Maryland suspension and had attempted to file the necessary affidavits, but neither was properly notarized. *See generally In re Slosberg,* 650 A.2d 1329 (D.C.1994).

ment include proof of fitness pursuant to D.C. Bar R. XI, § 16.

Because neither Bar Counsel nor Mr. Hines opposed the Board's report and recommendation, our deference to its recommendation would normally have been heightened.[4] In addition, since the suggested sanction was commensurate with that which we have imposed in similar cases,[5] and because "[w]e view a Maryland sanction of indefinite suspension with the right to reapply for reinstatement after a period of time as the 'functional equivalent' of a suspension for the length of time before the right to reapply is permitted, plus a requirement of fitness[,]"[6] it is likely that we would have accepted the Board's recommendation and that would have been the end of this first matter, no. 01–BG–1558, provided that the condition of filing proper affidavits was complied with. However, on November 12, 2003, Mr. Hines and the Attorney Grievance Commission of Maryland filed a joint petition for the continuation of his indefinite suspension in that jurisdiction. In the petition, Mr. Hines freely acknowledged there was sufficient evidence to sustain new allegations of misconduct against him; specifically, violations of Maryland Rules of Professional Conduct 1.3 (lawyer to act diligently and promptly), 1.4 (client must be kept adequately informed about status of a matter), 5.3(c) (duty to reasonably supervise non-lawyer assistants), 1.15(a) (lawyer must hold client property separate from the lawyer's own property), 1.15(b) (lawyer must promptly notify client upon receiving client funds), and 1.16(d) (lawyer must protect client's interest upon termination of representation). As a result of this petition, the Maryland Court of Appeals ordered that Mr. Hines remain indefinitely suspended with no right to petition for reinstatement before December 31, 2003.[7] Bar Counsel notified this court of these developments, a second case, no. 04–BG–166, was opened, and on March 16, 2004, an order was issued continuing Mr. Hines' interim suspension and directing the Board to recommend whether identical, greater, or lesser discipline should be reciprocally imposed for the new violations or if it would proceed *de novo* in the second case.

While the two cases are related and were treated by both Bar Counsel and Mr. Hines as a single proceeding, they were not consolidated and this has unfortunately only muddied the waters. For example: on April 21, 2004, we received a notice of non-compliance from Bar Counsel informing us that Mr. Hines had failed to file the affidavits required by the Board's June 26, 2003, report and recommendation in his first case.[8] About a month later, Mr. Hines filed a motion to extend the time for filing, and on June 1 st and 10th lodged the two affidavits required by the Board. They were not, however, lodged in his first

---

4. *See* D.C. Bar R. XI, § 11(f)(1).

5. *See, e.g., In re Jones–Terrell,* 712 A.2d 496 (D.C.1998); *In re Roxborough,* 692 A.2d 1379 (D.C.1997); *In re Powell,* 686 A.2d 247 (D.C. 1996).

6. *In re Berger,* 737 A.2d 1033, 1039 n. 10 (D.C.1999) (quoting *In re Powell,* 646 A.2d 340, 342 (D.C.1994)).

7. Although Mr. Hines could have sought readmission to the Maryland bar as of May 16, 2002, he did not.

8. More precisely, following the issuance of the Board's June 26, 2003, report, Mr. Hines filed further *Goldberg* and § 14(g) affidavits. On July 30, 2003, Bar Counsel notified Mr. Hines of continuing deficiencies in these new filings and stated that unless they were promptly corrected, Bar Counsel would be constrained to file with the Court a Notice of Non–Compliance.

case where they should have been, but were filed as part of his second case after his motion for extension was granted. In the meantime, unaware that his motion for extension had already been granted in the second case, we issued an order in the first case directing the parties to show cause why the request to late file should not be denied and Mr. Hines suspended for six months from the date of any reciprocal discipline. But on the day that responses to this order were due, we issued a second order consolidating Mr. Hines' two cases and staying them both pending the filing of the Board's report and recommendation in his second case.

The Board submitted its report in the second case on September 17, 2004. It recommends that identical (or functionally equivalent) reciprocal discipline should be imposed and that Mr. Hines should be suspended for nineteen months and two weeks, to run consecutively to the conclusion of the suspension in his first case, and no later than his filing of an affidavit in compliance with D.C. Bar R. XI, § 14(g), with reinstatement conditioned upon proof of fitness. Bar Counsel informs us she takes no exception to the Board's recommendation, and Mr. Hines has not filed any exceptions.

▮ Because of the rebuttable presumption favoring identical reciprocal discipline,[9] the lack of anything in the record to indicate that reciprocal discipline is inappropriate,[10] and our heightened deference to the Board when its recommendation is unopposed,[11] we adopt the Board's recommendations as to the length of suspension and conditioning reinstatement upon a showing of fitness. While there

has been an unfortunate level of procedural confusion in this matter, what does remain clear is that Mr. Hines has still not filed an affidavit which conforms to the requirements of Rule XI, § 14(g). Shortly after he submitted the affidavits in his first case, Bar Counsel notified Mr. Hines that his Rule XI, § 14(g) affidavit was not in substantial compliance with that provision because it failed to indicate whether he had contacted the attorney or attorneys for every party adverse to one of his D.C. clients.[12] It does not appear that he has ever remedied this problem by filing, in either case, a conforming affidavit. Accordingly, since Mr. Hines has still failed to meet the requirements of the Board's first report and recommendation, his suspension cannot be imposed *nunc pro tunc* to November 16, 2001. Therefore, it is

ORDERED that Jeffrey C. Hines is suspended from the practice of law in the District of Columbia for a period of twenty-five months and two weeks. The period of suspension shall begin to run from the date Mr. Hines files an affidavit which conforms to the requirements of D.C. Bar R. XI, § 14(g). Reinstatement in this jurisdiction shall be conditioned on Mr. Hines' proof of his fitness to practice law; but if he is summarily reinstated in Maryland, he may seek vacatur of the fitness requirement pursuant to the guidelines set forth in Board Rule 8.7.[13]

*So ordered.*

9. *See In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. Bar R. XI, § 11(f).

10. D.C. Bar R. XI, § 11(c).

11. *Id.* § 11(f)(1).

12. Presumably, Bar Counsel has deemed Mr. Hines' *Goldberg* affidavit to be sufficient.

13. *See In re Berger, supra* note 6, 737 A.2d at 1045–46 (discussing possible vacatur of this requirement).