In re Peter R. MAIGNAN, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 06–BG–26.

District of Columbia Court of Appeals.

Submitted Sept. 28, 2007.
Decided Nov. 8, 2007.

and public policy." D.C.Code § 1–605.02(6) (2001).

Before KRAMER and THOMPSON, Associate Judges, and SCHWELB, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Peter R. Maignan, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal but substantially different discipline be imposed in the form of a six-month suspension with a requirement to prove fitness as a condition of reinstatement. In addition, if respondent is summarily reinstated by Maryland without objection from Maryland Bar Counsel, respondent may seek to vacate the fitness requirement. No exceptions to the Board's Report and Recommendation have been filed. We accept the Board's recommendations.

On December 22, 2005, the Court of Appeals of Maryland indefinitely suspended respondent for violations of the Maryland Rules of Professional Conduct involving competence, commingling and misappropriation,[1] disbursing client funds, and interfering with the administration of justice. On January 12, 2006, Bar Counsel filed a certified copy of the suspension order with this court. On January 27, 2006, this court issued an order suspending respondent on an interim basis and directing: (1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, (2) respondent to show cause, within ten days thereafter, why identical, greater, or lesser discipline should not be imposed, and (3) the Board either to recommend reciprocal discipline or to proceed *de novo*.

Bar Counsel timely filed a statement recommending reciprocal but non-identical discipline. This would consist of a six-month suspension with a requirement that respondent demonstrate fitness before reinstatement, and that he be permitted to petition to vacate the fitness requirement if he is summarily reinstated in Maryland. Respondent filed his response two months late and moved for Board acceptance of his late submission. His motion was granted and his response was accepted on June 6, 2006. In his response, respondent accepted the recommended six-month suspension, asked for clarification regarding the fitness requirement, and asked that the suspension be imposed *nunc pro tunc* to January 27, 2006.

■ Thereafter, respondent filed numerous non-conforming affidavits pursuant to *In re Goldberg*, 460 A.2d 982 (D.C.1983) and Bar Rule XI, § 14(g).[2] The Board filed its recommendation December 4, 2006, endorsing Bar Counsel's recommendations and indicating that Respondent would be entitled to *nunc pro tunc* treatment if he corrected the deficits in his Rule XI § 14(g) and *Goldberg* affidavits within fourteen days. Respondent filed an additional non-conforming affidavit on December 5, 2006. Bar Counsel filed a Notice of Noncompliance on January 3, 2007, indicating, among other things, that re-

1. The Board noted that the Maryland Court of Appeals apparently accepted Maryland Bar Counsel's concession that the misappropriation was not intentional.

2. To obtain *nunc pro tunc* treatment, a lawyer facing a reciprocal suspension should: (1) promptly notify Bar Counsel of the foreign discipline, (2) cease practicing law in the District of Columbia, (3) file a *Goldberg* affidavit with the Board attesting to having done (1) and (2), and (4) file the D.C.App. R. XI, § 14(g) affidavit with the court and the board, with service on Bar Counsel. Failure to complete these steps may preclude *nunc pro tunc* treatment. *See, e.g., In re Hines*, 867 A.2d 963, 965 (D.C.2005).

spondent had remained counsel of record in pending litigation well past the date of his interim suspension in the District of Columbia, and requesting denial of *nunc pro tunc* treatment.

Respondent filed an Opposition to Notice of Noncompliance on January 18, 2007, but filed it with this court rather than the Board, in violation of Board Rule 9.10(c). On March 1, 2007, this court ordered respondent to file his opposition with the Board. On February 20, 2007, just prior to our Order, respondent finally complied with the affidavit requirement. Additionally, he withdrew his opposition to the notice of noncompliance, and Bar Counsel withdrew his motion to deny *nunc pro tunc* treatment. Accordingly, on March 27, 2007, this court ordered that for purposes of reinstatement, respondent's suspension shall be deemed to have commenced on February 20, 2007, the date he complied with the affidavit requirements pursuant to our original order.

■ In its report and recommendation of December 3, 2006, the Board found that the record supported the imposition of substantially different discipline and recommended a six-month suspension. *See* D.C.Bar. R. XI, § 11(c)(4) and (e). A two-step analysis applies to imposition of substantially different discipline. First, it is necessary to determine if the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction. Second, where the discipline imposed in this jurisdiction would be different from that of the disciplining court, it must be determined whether the difference is substantial. *See In re DeMaio*, 893 A.2d 583, 587 (D.C. 2006) (citing *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990)).

The Board applied this two-step analysis and explained that in this jurisdiction, the usual sanction for negligent misappro-priation—even with related violations—is a six-month suspension. *See, e.g., In re Edwards*, 870 A.2d 90, 94 (D.C.2005); *In re Anderson*, 778 A.2d 330, 342 (D.C. 2001). A six-month suspension here is substantially different from an indefinite suspension in Maryland, which permits a respondent to apply for reinstatement immediately. *See In re Berger*, 737 A.2d 1033, 1045 (D.C.1999). Additionally, the Board recommended that a fitness requirement also be imposed here since it is required by Maryland and does not constitute an obvious miscarriage of justice. *See In re Zdravkovich*, 831 A.2d 964, 970 (D.C.2003). Lastly, the Board recommended that respondent be permitted to move to vacate the fitness requirement if he is summarily reinstated in Maryland without objection from Maryland Bar Counsel.

■ Where neither Bar Counsel nor respondent has filed any exceptions to the Board's Report and Recommendation, we give great deference to the Board's recommendation. *See* D.C. Bar R. XI § 11(f)(1); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997). Because a six-month suspension is within the range of sanctions this court has imposed for similar misconduct, *see Edwards, supra*, 870 A.2d at 94, we hereby adopt the Board's recommendation. Additionally, pursuant to our order issued on March 27, 2007, for purposes of reinstatement, respondent's suspension shall be imposed *nunc pro tunc* to February 20, 2007. Accordingly, it is

ORDERED that Peter R. Maignan be suspended from the practice of law in the District of Columbia for the period of six months *nunc pro tunc* to February 20, 2007. Prior to reinstatement, respondent must prove fitness, but respondent is permitted to move to vacate the fitness requirement if he is summarily reinstated in

Maryland without objection from Maryland Bar Counsel.[3]

*So ordered.*

---

**3.** *See In re Berger,* 737 A.2d 1033, 1045–46 (D.C.1999) (discussing possible vacatur of the fitness requirement).