In re David P. WEAVER,
Jr., Respondent.

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 427688).

No. 06–BG–722.

District of Columbia Court of Appeals.

Submitted July 22, 2008.
Decided Aug. 14, 2008.

Before WASHINGTON, Chief Judge,
FISHER, Associate Judge, and
NEWMAN, Senior Judge.

PER CURIAM:

This reciprocal disciplinary matter stems from respondent David Weaver's voluntary resignation from the California Bar while a disciplinary investigation following a felony conviction was pending. Specifically, respondent was convicted in a California Superior Court on February 16, 2006, of conspiracy to commit the unauthorized practice of law. Respondent reported the conviction to the District of Columbia Office of Bar Counsel in accordance with D.C. Bar Rule XI, § 10(a), and Bar Counsel reported the conviction to this court. We issued an order on August 8, 2006, imposing an interim suspension and referring the matter to the Board on Professional Responsibility ("Board") to determine the final discipline to be imposed and to review the elements of the offense for the purpose of determining whether or not the crime involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001).

Thereafter, respondent voluntarily resigned while disciplinary proceedings were pending, and the California proceedings were held in abeyance until such time as respondent applies for reinstatement. Respondent is precluded from seeking reinstatement for a period of five years. Once Bar Counsel learned of the resignation and reported it to this court, we issued a second suspension order on August 21, 2007, and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo.* *See* D.C. Bar R. XI, § 11.

■ The Board recommends that we impose functionally equivalent reciprocal discipline of a five-year suspension with a fitness requirement. Bar Counsel does not take exception to the Board's Report and Recommendation, and respondent has not opposed the imposition of reciprocal discipline.[1] Considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. *See In re Winston,* 917 A.2d 629, 631 (D.C.2007) ("while identical discipline is not available in this case since our rules do not allow an attorney to resign while charges are pending, . . . we have nonetheless held that a five-year suspension with fitness is appropriate reciprocal discipline in such circumstances" (citations omitted)); *In re Cater,* 887 A.2d 1, 24 (D.C.2005) (requiring "clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law" to support imposi-

---

1. Respondent has filed notices purporting to show that his felony conviction was reduced to a misdemeanor and that he later was allowed to withdraw his plea of nolo contendere and to enter a plea of not guilty. He also represents that the court dismissed the case against him and released him from all penalties and disabilities pursuant to California Penal Code § 1203.4(a). However, respondent has not suggested that these developments call the Board's recommendation into question or affect our authority to impose reciprocal discipline. Regardless of the current status of his criminal conviction, the fact remains that respondent resigned from the California Bar while disciplinary proceedings were pending.

tion of a showing of fitness). The Board also recommends that the pending referral for a moral turpitude determination should be dismissed as moot. *See In re Gailliard,* 944 A.2d 1109, 1112 (D.C.2008); *In re Rostoker,* 918 A.2d 425, 426 (D.C.2007). For these reasons, and since nothing in the record indicates that such discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), we hereby adopt the Board's Report and Recommendation. Accordingly, it is,

■ ORDERED that David P. Weaver, Jr., is suspended from the practice of law in the District of Columbia for the period of five years. Reinstatement in the District of Columbia is conditioned on demonstration of fitness to practice law in accordance with D.C. Bar R. XI, § 3(a)(2). The referral for a moral turpitude determination is hereby dismissed as moot. Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), and we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).[2]

*So ordered.*

---

**2.** Respondent represents that he will be eligible to apply for reinstatement to the California Bar on April 22, 2011. He also reminds us that we suspended him on an interim basis on August 8, 2006, and objects that if we now impose a five-year suspension, he will be suspended in this jurisdiction for a longer period than he will have been suspended in California. If that proves to be true, it will be a consequence of respondent's failure to file the affidavit required by D.C. Bar R. XI, § 14(g). Our order imposing the interim suspension specifically directed respondent's attention to the provisions of D.C. Bar R. XI, § 14(g) and § 16(c), but he did not file the required affidavit. Under these circumstances, his suspension cannot be imposed *nunc pro tunc*. *See In re Hines,* 867 A.2d 963, 965 (D.C.2005).