**In re Peter R. MAIGNAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 461974).**

**No. 07–BG–1362.**

District of Columbia Court of Appeals.

Argued Dec. 4, 2009.
Decided Feb. 4, 2010.

Melvin G. Bergman, Greenbelt, MD, for respondent.

William R. Ross, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, and Judith Hetherton, Assistant Bar Counsel, were on the brief, for the Office of Bar Counsel.

Before KRAMER and THOMPSON, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Peter R. Maignan, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended that this court impose an indefinite suspension with a fitness requirement and the right to apply for reinstatement in the District of Columbia when Maignan is reinstated in Maryland, or in five years, whichever occurs first. Maignan has filed exceptions to the Board's Report and Recommendation. We accept the Board's recommendations.

**I.**

Maignan was admitted to the Bar of the District of Columbia Court of Appeals on February 1, 1999, on motion. In 2005, Maignan was indefinitely suspended from the practice of law in Maryland, where he was also admitted to practice, for violations of the Maryland Rules of Professional Conduct ("Maryland Rules") involving competence, commingling and misappro-

priation, disbursing client funds, and interfering with the administration of justice. *Attorney Grievance Comm'n v. Maignan,* 390 Md. 287, 888 A.2d 344, 349–50 (2005). As reciprocal discipline for the Maryland matter, Maignan was suspended from the practice of law in the District of Columbia for six months with reinstatement conditioned on a showing of fitness. *In re Maignan,* 942 A.2d 1115, 1117–18 (D.C. 2007) ("*Maignan I*"). Maignan remains suspended from the practice of law in the District of Columbia in connection with the discipline imposed in *Maignan I*.

The matter before us involves misconduct in two separate incidents. First, Maignan entered his appearance in the Circuit Court for Prince George's County on behalf of a criminal defendant, after the Maryland Court of Appeals had entered the order of indefinite suspension, and represented to the Circuit Court that he was authorized to appear in court. *Attorney Grievance Comm'n of Maryland v. Maignan,* 402 Md. 39, 935 A.2d 409, 413–18 (2007). Second, Maignan failed to deposit a $4,000 retainer into his trust account and then submitted falsified documents related to the representation to disciplinary authorities. *Id.* at 418–20. The Maryland Court of Appeals concluded that these actions constituted violations of the Maryland Rules of competence, failure to safekeep client property, unauthorized practice of law, making false statement of fact to a tribunal, violating a disciplinary rule, conduct involving misrepresentation, and conduct prejudicial to the administration of justice, and the court continued its order of indefinite suspension that it had imposed in the 2005 matter. *Id.* at 414, 418, 419–20.

On January 3, 2008, we issued an order suspending Maignan on an interim basis pursuant to D.C. Bar R. XI, § 11(d), for the unauthorized court appearance and the

trust account violation, and directing the Board to make a recommendation. *In re Maignan,* No. 07–BG–1362 (D.C. Jan.3, 2008). On November 18, 2008, the Board issued its report in this matter, recommending that Maignan be indefinitely suspended with a fitness requirement and with the right to apply for reinstatement after being reinstated in Maryland, or in five years, whichever occurs first. The Board further determined that Maignan's affidavit pursuant to D.C. Bar R. XI, § 14(g), which he was obligated to file as a suspended attorney, was deficient in that it failed to unambiguously state whether he had clients in the District of Columbia at the time of his interim suspension. The Board concluded Maignan should be given an opportunity to supplement his affidavit, but if he failed to file a fully-compliant affidavit within fourteen days, his suspension should be deemed to run from the time he files a fully compliant affidavit.

## II.

■ Under D.C. Bar R. XI, § 11(f)(2), there is a rebuttable presumption in favor of the imposition of identical reciprocal discipline unless the respondent demonstrates, or the court finds on the face of the record by clear and convincing evidence, that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) applies. If none of the exceptions to reciprocal discipline apply, "a final determination by a disciplining court outside the District of Columbia ... that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court." D.C. Bar R. XI, § 11(c). Maignan does not assert that any of the exceptions to reciprocal discipline apply; rather he takes exception to the sanction recommended by the Board and the Board's determination that his § 14(g) affidavit was deficient. Because both of these determinations by the Board are questions of law or ultimate fact, we review the Board's recommendation *de novo.* *In re Gallagher,* 886 A.2d 64, 68 (D.C.2005).

■ Maignan argues that since the Maryland Court of Appeals continued his indefinite suspension in this disciplinary matter instead of imposing an additional sanction, we should continue the discipline we imposed in *Maignan I,* a six-month suspension with a fitness requirement. He contends that a continuation of the six-month suspension, without any additional sanction, would be an especially appropriate disposition because the trust account violation in this case arose at the same time as the misappropriation matter in *Maignan I.*

We have stated that in a reciprocal discipline case, "in which the foreign jurisdiction has developed a factual record but imposed an indefinite suspension without a required minimum period of suspension before a petition for reinstatement may be filed, the Board might consider adopting a uniform policy of imposing the same reciprocal discipline as in cases in which no such record has been developed; viz., an indefinite suspension with the right to reapply for reinstatement in the District when reinstated in the foreign jurisdiction or in five years, whichever first occurs." *In re Zdravkovich,* 831 A.2d 964, 971 (D.C. 2003). This is precisely the approach recommended by the Board in this matter. Maignan may "believe[ ] that, given the factual record in the foreign jurisdiction, the District would impose a 'substantially different' fixed time period," but he has not made "such a showing under Rule XI, § 11(c)(3) or (4)." *Id.*

In *Maignan I,* we imposed a substantially different discipline from that imposed in Maryland because we could readily deter-

mine that the appropriate fixed term of suspension to be imposed in D.C. for negligent misappropriation was a sixth-month suspension. *Maignan I, supra,* 942 A.2d at 1117. In contrast, determining an appropriate fixed term of suspension would be a difficult task in this case because it would involve consideration of two separate instances and different types of misconduct, plus Maignan's prior discipline.

Finally, Maignan argues that, "[t]here is no sound logic for this Court to impose a greater discipline than that imposed in Maryland in the case at Bar." He contends that since "the Maryland Court of Appeal[s] only continued the previously imposed indefinite suspension," we should refrain from imposing further discipline as well. Although the Maryland Court of Appeals only extended Maignan's prior discipline, the number of Maignan's misconducts, including dishonesty, will make his reinstatement in Maryland more difficult as a practical matter, undercutting his argument. Therefore, as we stated in *Zdravkovich, supra,* imposing an indefinite suspension in this case is particularly appropriate.

### III.

Under D.C. Bar R. XI, § 14(g), a suspended attorney must file an affidavit demonstrating that he has satisfied his obligation pursuant to the Rule to, *inter alia,* notify clients of his suspension, withdraw from pending matters, return client property, notify opposing parties, and cease practicing law. Maignan's affidavit does not comport with the Rule because it does not unambiguously state that he had no clients in the District of Columbia at the time of the interim suspension. In his affidavit, Maignan states that "he has no clients ... in the District of Columbia to be notified" pursuant to the Rule. This is not an unambiguous statement that he had

no clients in the District of Columbia *at the time of the interim suspension.* *See* D.C. Bar R. XI, § 14(a)-(d) & (g); *In re Bowser,* 771 A.2d 1002 (D.C.2001) (per curiam) (appending Board Report). Maignan has failed to supplement his affidavit within fourteen days, as per the Board's recommendation, so any discipline imposed in this matter is deemed to run, for purposes of reinstatement, from the future date on which he files a fully compliant affidavit. Accordingly, it is ordered that Peter R. Maignan be indefinitely suspended with a fitness requirement and with the right to apply for reinstatement in the District of Columbia after being reinstated in Maryland, or in five years, whichever occurs first. For purposes of reinstatement, the period of suspension will be deemed to run from the time he files a fully compliant affidavit.

*So ordered.*