*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 14-BG-562**

IN RE MICHAEL A. GIACOMAZZA,
                                    Respondent.

**Bar Registration No. 462435**
**BDN: 2014-D149**

Before GLICKMAN and THOMPSON, *Associate Judges*, and REID, *Senior Judge*.

## ORDER

Respondent, a member of the Bar of this Court, was indefinitely suspended from the practice of law in Maryland, by consent, by the Maryland Court of Appeals on May 13, 2014. In the Joint Petition for Indefinite Suspension by Consent in Maryland, respondent agreed that sufficient evidence could be presented to sustain allegations that he owed $22,654.56 in child support payments and that his conduct violated Maryland Rules of Professional Conduct 8.4(a) and 8.4(d). The Joint Petition specifies that respondent "may be subject to an appropriate investigation by Bar Counsel to determine his fitness to practice law" if he desires to be reinstated.

On June 17, 2014, this Court entered an order directing respondent to show cause why identical reciprocal discipline should not be imposed, and suspending him from the practice of law pending conclusion of this reciprocal discipline matter. In his response to that order, which requests that he not be suspended, respondent outlines the serious personal hardships he has faced in recent years but does not address any of the exceptions to the imposition of reciprocal discipline

that are set forth in D.C. Bar R. XI, § 11 (c).[1]  This rule establishes a rebuttable presumption of identical reciprocal discipline and "imposes a rigid standard, as to which exceptions should be rare."[2]  Respondent has not shown by clear and convincing evidence that an exception to the presumption is warranted.[3]

---

[1] Rule XI, § 11 (c) provides that reciprocal discipline shall be imposed unless the attorney demonstrates to the Court, by clear and convincing evidence, that:

> (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
>
> (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

[2] *In re Sibley*, 990 A.2d 483, 488 (D.C. 2010) (internal quotation marks omitted).

[3] There was no deprivation of due process in Maryland; there was no infirmity of proof since respondent stipulated that sufficient evidence could be presented; there is no evidence that a grave injustice would result from the imposition of reciprocal discipline; the misconduct would constitute misconduct in the District; and the misconduct does not warrant substantially different discipline in the District.  As to the last two exceptions, the *Sibley* reciprocal matter stemmed, like this case, from a respondent's failure to pay child support in a foreign jurisdiction, and this court imposed identical reciprocal discipline of three years' suspension with reinstatement conditioned upon a showing of fitness.  *Id.* at 487, 496.

We have held that where a foreign jurisdiction has imposed an indefinite suspension with the right to reapply for reinstatement, the appropriate reciprocal discipline in this jurisdiction is an indefinite suspension with the right to reapply for reinstatement in the District of Columbia following reinstatement in the foreign jurisdiction or after five years, whichever occurs first.[4]  Accordingly, on consideration of the certified order indefinitely suspending respondent by consent from the practice of law in the State of Maryland, respondent's response to this court's show cause order, and Bar Counsel's statement regarding reciprocal discipline, it is

ORDERED that Michael A. Giacomazza is hereby indefinitely suspended from the practice of law with a fitness requirement and with the right to petition for reinstatement after being reinstated in Maryland, or after five years, whichever occurs first.  It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's suspension runs from August 8, 2014, the date when respondent executed an affidavit complying with his obligations as a suspended attorney pursuant to D.C. Bar R. XI, § 14(g).

PER CURIAM

---

[4] *In re Maignan*, 988 A.2d 493, 495 (D.C. 2010).