*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

09/28/2017

**DISTRICT OF COLUMBIA COURT OF APPEALS**

FILED
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

No. 17-BG-427

IN RE GARY M. ANDERSON

2017 DDN 72

An Administratively Suspended Member of the
Bar of the District of Columbia Court of Appeals

**Bar Reg. No.   261644**

BEFORE:  Beckwith, Associate Judge, and Steadman and Reid, Senior Judges.

**O R D E R**
(Filed – September 28, 2017)

On consideration of the certified order of the Maryland Court of Appeals indefinitely suspending respondent from the practice of law in the state of Maryland by consent; this court's June 9, 2017, order temporarily suspending respondent in this case and directing him to show cause why functionally equivalent reciprocal discipline should not be imposed; the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent did not file a response to this court's show cause order or file the required D.C. Bar R. XI, § 14 (g) affidavit, it is

ORDERED that Gary M. Anderson is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement subject to a fitness requirement and the right to petition for reinstatement after five years or when reinstated in the state of Maryland, whichever occurs first.  *See In re Maignan*, 988 A.2d 493, 495 (D.C. 2010) (setting forth the functionally equivalent discipline for an indefinite suspension without a required minimum period of suspension); *see also In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that the presumption of identical discipline in D.C. Bar R. XI, § 11 (c) will prevail except in "rare" cases); *In re Cole*, 809 A.2d 1226, 1227 n.3 (D.C. 2002) (explaining that in unopposed reciprocal matters the "imposition of identical discipline should be close to automatic").  For purposes of eligibility to petition for reinstatement, the suspension will not begin to run until such time as respondent files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**