*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-701

IN RE TROY A. PRIEST

DDN: 2021-D079

An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 444362**

BEFORE: McLeese and Howard, Associate Judges, and Ferren, Senior Judge.

**O R D E R**
(FILED— November 23, 2022)

On consideration of the certified order from the state of Maryland indefinitely suspending respondent from the practice of law by consent; this court's September 21, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel requesting the imposition of functionally identical discipline; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that Troy A. Priest is hereby indefinitely suspended from the practice of law in the District of Columbia subject to a fitness requirement with reinstatement conditioned on either his reinstatement to practice law by the state of Maryland or after five years, whichever occurs first. *See In re Maignan*, 988 A.2d 493, 495 (D.C. 2010) (setting forth the functionally equivalent discipline for an indefinite suspension without a required minimum period of suspension); *In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

**No. 22-BG-701**

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**