*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-728

IN RE SYLVIA L. ADAMS,

**DDN: 2021-D201**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 468683**

BEFORE: McLeese and Howard, Associate Judges, and Ferren, Senior Judge.

### O R D E R
(FILED— December 1, 2022)

On consideration of the certified order from the state of Maryland indefinitely suspending respondent from the practice of law by consent; this court's September 30, 2022, order suspending respondent pending final disposition of this proceeding and directing her to show cause why reciprocal discipline in the form of an indefinite suspension with the right to seek reinstatement after being reinstated in Maryland or after five years should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or her D.C. Bar R. XI, § 14(g) affidavit with this court, it is

ORDERED that Sylvia L. Adams is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement conditioned on a showing of fitness. Respondent may seek reinstatement after five years or after being reinstated by the state of Maryland, whichever is first. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Maignan*, 988 A.2d 493, 495 (D.C. 2010) (setting forth the functionally equivalent discipline for an indefinite suspension without a required minimum period of suspension). It is

No. 22-BG-728

 FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**