*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0143**

IN RE NEMA SAYADIAN

**DDN: 2024-D003**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 991138**

BEFORE: Easterly and Shanker, Associate Judges, and Fisher, Senior Judge.

**O R D E R**
(FILED— May 9, 2024)

On consideration of the certified order from the state of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction by consent wherein respondent consented to his reinstatement being contingent on his compliance with a number of conditions including a satisfactory report from a mental health or substance abuse professional that respondent has addressed his alcohol and drug concerns; this court's March 13, 2024, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel that requests the court condition reinstatement on respondent's reinstatement in Maryland and a showing of fitness; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Nema Sayadian is hereby indefinitely suspended from the practice of law in the District of Columbia with a fitness requirement, including showing compliance with all conditions imposed by the state of Maryland and demonstrating that he has addressed his mental health and substance abuse issues. Respondent may seek reinstatement after five years or after being reinstated by the state of Maryland, whichever occurs first. *See In re Maignan,* 988 A.2d 493, 495

No. 24-BG-0143

(D.C. 2010) (setting forth the functionally equivalent discipline for an indefinite suspension without a required minimum period of suspension); *see also In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).  It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**