*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 24-BG-1043**

In re STEPHEN E. WHITTED,
                                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**DDN: 2024-D141**

FILED 02/06/2024
District of Columbia
Court of Appeals
Julio Castillo
Clerk of Court

**Bar Registration No. 448194**

BEFORE:    McLeese, Deahl, and Howard, Associate Judges.

**O R D E R**
(FILED—February 6, 2025)

On consideration of the certified order from the state of Maryland suspending respondent indefinitely; this court's November 20, 2024, order suspending respondent pending final disposition of the proceeding and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting the imposition of an indefinite suspension with a fitness requirement and reinstatement contingent upon reinstatement in Maryland; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Stephen E. Whitted is hereby suspended from the practice of law in the District of Columbia indefinitely with a fitness requirement. Respondent may seek reinstatement after five years or after being reinstated by the state of Maryland, whichever occurs first. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposing identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Maignan*, 988 A.2d 493, 495 (D.C. 2010) (per curiam) (setting forth the functionally equivalent discipline for an indefinite suspension without a required minimum period of suspension). Disciplinary Counsel provided

no basis for deviating from this court's case law concerning the functionally equivalent discipline for an indefinite suspension without a required minimum period of suspension. *Cf. In re Sayadian*, 314 A.3d 1157, 1157-58 (D.C. 2024) (per curiam) (declining to deviate from the typical functionally equivalent discipline). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**